[Crim. No. 2202.   Third Dist.   Nov. 20, 1950.]

THE PEOPLE, Respondent, v. MANUEL RODRIGUEZ, Appellant.

George I. Lewis for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant, Manuel Rodriguez, was charged by information filed in the Superior Court of Placer County with the crimes of kidnaping, child stealing, attempted rape and assault with intent to commit rape. On motion of the People the charge of attempted rape was dismissed. Trial was had before a jury which returned verdicts of not guilty on the kidnaping charge and guilty of child stealing and assault with intent to commit rape. Motions for new trial were denied and judgments were entered, sentencing appellant to imprisonment in the state prison for the terms prescribed by law, the two sentences to run concurrently. Motions for arrest of judgment were denied. This appeal is from the judgments and from the orders denying new trial and arrest of judgment.

Viewing the evidence in the light most favorable to respondent, as we are required to do, the record herein shows the following: On the date of the offense the victim, a young girl of the age of 16 years, was living with her parents in

Roseville and attending high school. On the date in question she returned home from school at about 5:30 in the evening and upon arriving found that defendant was sitting in his car parked in front of her home. He called her over to the car and asked where her mother was, to which she replied her mother was at the Purity Store. Upon appellant's request the girl entered his automobile in order to show him the location of the store. When defendant had driven to the store the girl stated that her mother was not there since her mother's car was not parked in front of the store, and appellant then drove toward Sacramento, notwithstanding the girl's request that he take her home. In response to her statement that she had to return home because she was to go to work that evening, appellant said he would go a little bit further and then turn back. However, he drove to Sacramento, where he stopped at a gasoline station to obtain gasoline and then continued toward San Francisco over the girl's continuous and repeated objections and in denial of her repeated requests that she be returned to her home. While appellant's car was following a truck down the highway the girl attempted to signal the driver of the truck but failed to attract his attention. However, when appellant observed her actions he immediately speeded up, passed and outdistanced the truck. After dusk he stopped along the shoulder of the highway and went into an orchard, leaving the girl in the car. She attempted to drive away but was unable to do so, and while he was returning to the car she got out and ran down the highway a distance of about two city blocks, all the time attempting to signal passing cars. Appellant pursued her, caught her and forced her back into his car. He then made advances, which she resisted. After awhile he drove on toward San Francisco and again stopped and attempted to become intimate with the girl, threatening her, striking her across the face with his hand, struggling with her and preventing her attempts to escape. He continued striking her, threatened to tear her clothes off or cut them off with a knife and, this proving insufficient, threatened to kill her. While attempting to force his will upon his victim appellant made the threat that if she would not give in to him he would take her to San Francisco and make her live there with him as his wife, their situation and relations to be kept a secret. Despite these threats, she finally succeeded in opening the door of the car. She ran onto the

highway in front of traffic, whereupon a car stopped, picked her up and brought her back to her home. Up until she reached Sacramento the appellant followed the car in which she was riding. During the struggle she suffered various bruises and contusions, her clothing was torn and she was, when picked up, in a generally disheveled condition and was hysterical.

Appellant's first contention applicable to both appeals from judgments based on the verdicts of guilty is that the Superior Court of Placer County lacked jurisdiction because the offenses were not committed in that county, but rather were committed in the county of Solano. However, this contention is answered adversely to the appellant by the provisions of the Penal Code and cases construing its provisions. Section 781 of that code provides:

"When a public offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

It is clear from the evidence that acts requisite to the consummation of both offenses of which appellant was found guilty were consummated in Placer County and that being so the trial court had jurisdiction of each offense. In *People v. Anderson,* 3 Cal.App.2d 521 [40 P.2d 270], two codefendants had been convicted of the crime of robbery in Sacramento County. The evidence showed that they had, in Sacramento County; hired the victim, a taxi driver, to take them into Yolo County and upon arriving at the designated place had committed a robbery. The court in affirming the judgment held the evidence was sufficient to justify the trier of facts in concluding that the defendants had procured the taxi for the express purpose of robbing the taxi driver. (See also *People v. Mandell,* 35 Cal.App.2d 368 [95 P.2d 704]; *People v. Benenato,* 77 Cal.App.2d 350 [175 P.2d 296].) An uninterrupted series of acts by appellant beginning in Placer County and continuing until the offenses were completed, all requisite to the consummation of the offenses, are shown by the record, and the fact that some of the acts in the final chapter took place in Solano County would not prevent jurisdiction being in the Placer County Superior Court.

Appellant next contends that the evidence was insufficient to support the conviction of the charge of child stealing. We think it apparent that the record is replete with evidence sustaining the conviction of child stealing. The nonage of

the victim was proven and the jury could have concluded from the record as a whole that it was appellant's purpose to forcibly abduct the child with intent to detain and conceal her from her parents. In *People* v. *Simmons,* 12 Cal.App.2d 329 [55 P.2d 297], where the requirements of proof under a like charge were discussed, the court declared it would consider all the acts and conduct of the parties, together with all the circumstances of the case, both before and after the act complained of. (See also *People* v. *Black,* 147 Cal. 426 [81 P. 1099] ; *People* v. *Taylor,* 88 Cal.App. 495, 500 [263 P. 560] ; *People* v. *Annunzio,* 120 Cal.App. 89 [7 P.2d 739].) Here the jury had a right to consider the distance toward San Francisco which was traveled, the attempt en route to rape the girl, appellant's own declaration of purpose, along with what the jury could have concluded to be a fraudulent device to get her into his car, and his forcible restraint to keep her in it, all as sufficient ground for concluding that he had committed the offense of child stealing as charged.

▋ Appellant also contends that the evidence is insufficient to support the finding of the jury that he committed an assault with intent to commit rape. But we think that a mere statement of the evidence is sufficient answer to this contention and we cannot give weight or credence to appellant's construction of the evidence as showing only that he employed the art of the seducer. The claim is without merit.

What we have said we think sufficiently disposes of all the issues presented by the appeals herein.

▋ The order denying motion in arrest of judgment is not appealable. (7 McKinney's New California Digest, p. 627.)

The judgments are affirmed and the orders denying motions for new trial are affirmed. The purported appeal from the order in arrest of judgment is dismissed.

Adams, P. J., and Peek, J., concurred.