## 34490. MAULDEN *v.* THE STATE.

CARLISLE, J. 1. Where, to a judgment overruling his general demurrer to an indictment against him, the defendant does not preserve his exception by exceptions pendente lite or by assigning error thereon

in the final bill of exceptions to this court, no question of the validity of that judgment may be raised in this court by argument in the brief of counsel for such defendant.

2. Where, under an indictment in the Superior Court of Floyd County, it is charged that the defendant unlawfully and with force and arms did take "a child of the female sex under the age of 16 years, and did entice, allure, and persuade said child to the City of Cartersville, Bartow County, Georgia, and to divers other place and places to the grand jurors unknown, for the purpose both of taking immoral, improper, and indecent liberties with said child with intent of arousing, appealing to, and gratifying the lust and passions and sexual desires of· the said accused and of the said child, and with intent of committing a lewd and lascivious act upon and with the body of said child, to wit, sexual intercourse, with said intent"; and, where, upon the trial, there was evidence from which the jury would have been authorized to find that the defendant engaged a taxicab on the morning of the day of the alleged offense, that he directed the driver of the cab to drive to a named street in the City of Rome, Georgia, along which his alleged, fourteen-year-old victim passed on her way to school, that, as the child was walking along the street, the defendant had the driver to stop and the defendant forced the child into the cab, that following several stops in the City of Rome, the defendant directed the taxicab driver to drive them to Cedartown and to Cartersville, then back to Rome and again to Cartersville, and that at a deserted filling station in Bartow County, between Kingston and Rome, the defendant discharged the taxicab and took the child inside and had intercourse with her, and that he also took her into the woods nearby and had intercourse with her, and later took her to the home of his aunt where he also had intercourse with her, the jury was authorized to find the defendant guilty of violating Code (Ann. Supp.) § 26-1302a in Floyd County, Georgia, notwithstanding the actual acts of intercourse were not performed in Floyd County. The fact that the defendant forced the child into the cab in Rome and later during the same day forced her to have intercourse with him was sufficient for the jury to infer that he forced her into the cab in Rome for the purpose of committing some lewd or lascivious act upon her, to wit, forcible intercourse. The gist of the offense alleged is the taking, enticing, alluring, or persuading a child under the age of sixteen to a place for the purpose or with the intent of taking immoral, improper, or indecent liberties with such child, and the gist of the offense alleged is not in the actual immoral, improper, or indecent act itself. The venue of the offense was established to be in Floyd County, and the evidence authorized the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 12, 1953.

*Graham Glover*, for plaintiff in error.

*Chastine Parker, Solicitor-General, Parker, Clary & Kent, John W. Davis, Solicitor-General, Robert W. Scoggins*, contra.