[Crim. No. 2413. Third Dist. Sept. 29, 1953.]

THE PEOPLE, Respondent, v. NICHOLAS ORTEZ, Appellant.

Chas. Lederer and Herbert P. Welch for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—By an information filed by the district attorney of Modoc County defendant was charged with three counts of violation of section 261(1) of the Penal Code, to wit: statutory rape. Count one charged the commission of the offense on January 5, 1952; count two charged a like offense on January 8, 1952, and count three charged the same offense on January 9, 1952. Following his plea of not guilty to each of the counts charged and his waiver of his right to trial by

jury, the trial proceeded before the court, and at the conclusion thereof defendant was found guilty on count one and not guilty as to counts two and three. His application for probation was denied and he was sentenced for the term prescribed by law.

He now contends: (1) That the record contains no proof of venue; (2) that the trial court erred in not compelling the prosecution to elect the date or dates upon which it relied for conviction; (3) that the district attorney was guilty of prejudicial misconduct in his cross-examination of the defendant, and (4) that the testimony of the prosecutrix was inherently improbable. We find no merit in any of such contentions.

The evidence as disclosed by the record, when summarized in the light most favorable to the respondent, shows that the prosecutrix is the 16-year-old sister-in-law of the defendant. Her education terminated with grammar school which she completed only through the assistance of her instructors. However, she had acted as Mexican interpreter for the draft board in her community. Without question she knew the difference between right and wrong and the meaning and consequence of her acts of intercourse with the defendant. She lived with her mother a short distance from the home occupied by her sister and the defendant. At about 2 o'clock on the afternoon of January 5, 1952, the defendant picked up the girl as she was on her way to her place of employment, offering to teach her to drive if she would accompany him. He then drove to the Dorris Reservoir located near the town of Alturas, where the act as charged was accomplished. He then returned to Alturas and left the complaining witness near her place of employment. He admonished her not to tell anyone or she would be sorry. While the defendant and the complaining witness were in the vicinity of the reservoir they were observed by two men who had known both the defendant and the complaining witness for several years. A third witness testified to observing a car similar to defendant's near the reservoir at approximately the same hour. On April 30, 1952, following an examination by a physician, it was determined she was then pregnant. From his examination the doctor concluded that conception could have occurred within the month prior to January 23, 1952. The defendant, testifying in his own behalf denied any intercourse with the girl at any time, or that he had taken her to the reservoir site; and in support of his alibi presented evidence that he was working at a town approximately 19 miles from Alturas on January 8th and 9th. Re-

garding his activities on January 5th he stated that he had remained at home with his wife who was ill but that he did go downtown from his home at approximately 2:30 o'clock on that afternoon. In this he was corroborated by his wife. He also denied that he had taught the girl to drive his car or that she had ever driven it while he was with her.

■ Counsel for defendant has argued at length concerning the lack of evidence that the crime was committed in Modoc County since the record, as he contends, is devoid of evidence as to the exact location of the Dorris Reservoir. Whether or not the location of the reservoir was a matter concerning which this court could take judicial notice is a question wholly immaterial to a determination of the issue raised. (See *People v. Harkness,* 51 Cal.App.2d 133 [124 P.2d 85].) The testimony of the prosecuting witness was that the defendant invited her into his car in the city of Alturas. Thus the initiation of the offense took place there. Under Penal Code, section 781, even though the actual commission of the offense was performed in some other county the prosecution could properly have been in either county. Here the record shows without contradiction that an uninterrupted series of acts by defendant began in Alturas and continued until the offense was completed. Therefore the fact that some of the acts took place in the vicinity of the Dorris Reservoir, even if it be assumed that it was located in another county, would not prevent jurisdiction being in the Modoc county court. (*People v. Rodriguez,* 100 Cal.App.2d 549, 552 [224 P.2d 49].)

■ Although the information specified the precise dates of the violations of the charges it is defendant's next contention that the court should have granted his motion to compel an election of dates by the prosecution. No offense was sought to be proved save those charged in the information. He had full opportunity to, and did avail himself of, his right to present his alibi. Obviously the court was impressed with such defense and he was acquitted of the crimes charged in counts two and three and convicted only for the one offense charged on January 5, 1952. As regards that offense there was corroboration of three disinterested witnesses who observed the defendant and the prosecutrix in the vicinity of the Dorris Reservoir. The record contains no evidence contradicting her testimony that he was the only person with whom she had been intimate. Thus the proof of the act committed on January 5th was not at variance with the proof of that act as charged in count one of the information.

■ Defendant next contends that the district attorney committed prejudicial misconduct when he asked defendant on cross-examination if he had been previously convicted of a felony. Defendant answered that it was a juvenile matter and his counsel objected to the question. The court thereupon examined the record and ascertained that the defendant, although guilty of burglary in Texas in 1937, had been adjudged a delinquent child. Counsel for defendant was then informed by the court that such question would have no effect in weighing the facts of the case and would not be detrimental to the defendant. The district attorney thereupon withdrew the question. There is no showing whatsoever that the district attorney was proceeding in bad faith in his question or that the defendant was so prejudiced thereby as to warrant this court in interfering with the judgment of the trial court.

■ His last contention is that the complaining witness' story was inherently improbable. In support of such contention he has reviewed at length the confused and contradictory statements made by the prosecutrix concerning events during the months of December and January, the condition of the weather, the condition of her clothing, and her identification of certain county roads. However, taken as a whole her testimony does not appear to be subject to the attack made upon it. (*People* v. *Harkness, supra,* at page 140.) Mainly her confusion was as to the dates which was undoubtedly accounted for by her unfortunate state of subnormal intelligence. Her testimony as to the fact of intercourse was corroborated by medical testimony. She designated January 5th as one of the dates and this was corroborated by independent evidence. Except, then, for the discrepancy noted, her testimony was satisfactory. Such confusion or discrepancy was not such as to warrant our conclusion that her testimony was incredible as a matter of law. (*People* v. *Stangler,* 18 Cal.2d 688 [117 P.2d 321], and *People* v. *Harkness, supra.*

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.