## ALDRIDGE *v.* STATE

No. 40754          January 6, 1958          99 So. 2d 456

*Carl W. Welborn,* Hattiesburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was indicted in the Circuit Court of Forrest County on a charge of seduction. The indict-

ment specifically charged that he "did wilfully and un-
lawfully and feloniously seduce, obtain carnal knowledge
of one Willena Walker, a single woman over the age of
18 years, of previous chaste character, by virtue of false
promise of marriage to her previously made by him, the
said Allen Leon Aldridge." It was charged in the indict-
ment that the offense was committed in Forrest County.
The prosecution was brought under Section 2374, Vol.
2A Recompiled, Mississippi Code of 1942, which reads as
follows:

"If any person shall obtain carnal knowledge of any
woman, or female child, over the age of eighteen years, of
previous chaste character, by virtue of any feigned or
pretended marriage or any false or feigned promise of
marriage, he shall, upon conviction, be imprisoned in the
penitentiary not more than five years; but the testimony
of the female seduced, alone, shall not be sufficient to
warrant a conviction."

The appellant's trial resulted in his conviction and he
was sentenced to three years in the State penitentiary.

On this appeal the appellant challenges the sufficiency
of the evidence, the jurisdiction of the court, and the ac-
tion of the trial court in granting to the State certain in-
structions and in refusing certain instructions requested
by the appellant.

There is little dispute in the evidence on the material
issues involved. The prosecutrix, Willena Walker, be-
came 19 years of age on November 4, 1956. She was em-
ployed in Hattiesburg by the State Tax Commission and
had been for about a year and a half. She occupied a
room in the home of Mrs. F. L. Summers in Hattiesburg.
She was born and reared in Forrest County and had for-
merly lived with her parents in the Elks Lake Rural Com-
munity. Witnesses testified that prior to her associa-
tion with the appellant, she was a nice girl of chaste char-
acter, regularly attended Church and Sunday School, and
participated in the activities of the Church organiza-

tions. She met the appellant on a blind date about the middle of April, 1957, having been introduced to him by Bess Harrington, a girl friend. On her second date with the appellant, he made a proposal of marriage to her and she accepted it, and they became engaged. At this time the appellant was already married and had a living and undivorced wife and a child two and a half years old. He gave her an engagement ring and she bought a ring for him. Her parents did not approve of the marriage, suggesting that they wait awhile until they had known each other better. On Easter Sunday, April 23, 1957, they took dinner at the home of her parents. On that occasion, the appellant told her parents that he was in love with their daughter and wanted to marry her. The parents did not approve. The appellant was employed as field supervisor for the Southern National Insurance Company in Hattiesburg. Willena resigned her position with the State Tax Commission, telling her boss she was going to get married. On April 25, 1957, they left Hattiesburg and were driven by Roscoe Sims to Bay Springs where they obtained a marriage license. They returned to Laurel, and the appellant told her that he had some work to do there and suggested that they get a room in a motel where she could rest. He registered in the New Laurel Motel in Jones County, Mississippi. The registration card showed that the room was for a party of two. The appellant and Willena spent the night together in the Motel and had intercourse. While the prosecutrix testified on cross-examination that the appellant forced himself on her and that she did not consent to the intercourse, she said that she was induced to yield to his demands and engage in the act of intercourse by his prior promise of marriage. They returned to Hattiesburg, and later went to Bogalusa, Louisiana, where they stayed together in a motel. There the appellant told her that they were not going to be married. In order to avoid embarrassment since they were masquerading as hus-

band and wife, he made her sign the certificate on the marriage license showing the celebration of the marriage ceremony, and at his instance, she signed the name of Dr. T. A. Carlisle, D. D., a fictitious name. The appellant destroyed that part of the certificate to be returned to the circuit court clerk. They thereafter lived together as man and wife in McComb for a month or more. They visited in the home of her parents over night on both Mother's Day and Father's Day, representing that they were married, and she exhibited to her mother the marriage certificate. The neighborhood ladies gave her a shower, which was attended by a number of people and at which the prosecutrix introduced the appellant as her husband. During all of these relations, Willena insisted that they get married purusuant to his promise, but he would not go through with the marriage. The appellant had been previously married and had a child. He informed Willena of this prior marriage, but represented to her that he had been divorced, and this she believed, according to her testimony, and thought that he was free to enter into the marriage with her.

The appellant contends, first, that the consent of the prosecutrix to intercourse is an essential element of the crime of seduction, and that since the prosecutrix testified that the appellant forced himself on her and that she did not consent to the act, the State has failed to prove an essential element of the crime, and that, therefore, the appellant's request for a peremptory instruction should have been granted.

It is true, of course, that the consent of the prosecutrix to the act of intercourse is an essential element of the crime of seduction. However, it is stated in 79 C. J. S., Seduction, page 988, as follows:

"If consent was obtained, the fact that there was some slight resistance or reluctance or that the woman was to some extent influenced by fear, is immaterial."

It is further stated in 47 Am. Jur., Seduction, Section 7, as follows:

"Consent, either actual or implied, of the female to the act of intercourse is an essential element of the crime of seduction. If the victim ultimately assents or yields to the act of intercourse, the fact that she resisted the advances of her seducer for a time does not preclude the perpetration of a criminal seduction." See also Jones v. State, 90 Ga. 616, 16 S. E. 380.

■■ It is true that the prosecutrix testified on cross-examination that the appellant forced himself on her and that she did not consent to the act of intercourse. She testified positively, however, that she was afraid of him and that she yielded to his demands under the inducement of his promise to marry her. It is not claimed that the appellant used physical force or violence. We think the only fair and reasonable conclusion from her testimony is that she yielded to the wishes of the appellant and that the little resistance she made was the outcome of her maidenly modesty. While protesting she would not consent, she consented. As Byron wrote:

> "But who, alas! can love and then be wise?
> not that remorse did not oppose temptation;
> A little still she strove, and much repented,
> And, whispering, 'I will ne'er consent,' consented."

Certainly the evidence was sufficient to create an issue for the determination of the jury on the question of her consent, and to warrant the jury in finding that while she was reluctant to do so, she yielded to the act of intercourse under the appellant's promise to marry her. We therefore find no merit in this contention.

■■ It is further contended by the appellant that the evidence affords no corroboration of the act of intercourse and that for that reason the evidence is insufficient to sustain the conviction. Of course, it was necessary under the statute that the prosecutrix be corroborated as to the act of intercourse, which is an essential element of the crime. The burden was upon the State to prove

this essential element. It was not necessary, however, that this be done by direct evidence. It was sufficient to establish this material fact by circumstantial evidence. 79 C. J. S., Seduction, page 1007. ▮▮ Proof of the fact that the appellant and the prosecutrix spent the night together in a private room in a motel was a sufficient circumstance to be submitted to the jury for their determination as to whether the act of intercourse occurred. We think the jury was warranted in finding this to be a sufficient corroborative circumstance to establish the fact of intercourse. We are of the opinion, therefore, that the appellant's contention that there was no corroboration of the prosecutrix as to the act of intercourse is not well founded.

▮▮ The appellant next contends that the circuit court of Forrest County was without jurisdiction of the crime and that there was a fatal variance as to the venue alleged in the indictment and the proof introduced on the trial. The indictment charged that the offense was committed in Forrest County. The proof showed that the promise of marriage occurred in Forrest County but that the act of intercourse occurred in Jones County. Both the promise of marriage and the act of intercourse are essential elements of the crime, and, therefore, the crime was committed partly in one county and partly in another, and the jurisdiction of the crime became governed by Section 2429, Vol. 2A Recompiled, Mississippi Code of 1942, which provides as follows:

"When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun."

In the case before us one of the essential elements of the crime was committed in Forrest County and another essential element of the crime was committed in Jones

County. The above quoted statute, therefore, became applicable, and it was proper for prosecution to be first begun in either county. It is argued by the appellant, however, that to sustain the jurisdiction of the crime in Forrest County would be in contravention of Article III, Section 26 of the Mississippi Constitution, which provides, among other things, that the accused shall have the right to a speedy and public trial by an impartial jury of the county where the offense was committed. We do not think so. ██ We think that where the crime is committed partly in one county and partly in another, the venue may be laid in either county without doing violence to the constitutional provision. It is manifest that the constitutional provision relates to crimes wholly committed in one county. Certainly it was not the intention of the framers of the constitution that one who commits a crime partly in one county and partly in another should not be amendable to the jurisdiction of the court in either county and should therefore be exempt from prosecution.

We think the question here raised by the appellant has been put at rest by the case of Atkinson v. State, 132 Miss. 377, 96 So. 310. In the Atkinson case, the Court had under consideration what is now Section 2430 of the Mississippi Code of 1942, providing that where the mortal stroke or other cause of death occurs or is given or administered in one county, and the death occurs in another county, the offender may be indicted and tried in either county. The Court held that this statute was not violative of Article III, Section 26 of the Mississippi Constitution. We think that the question presented in the Atkinson case and that presented here is one arising under analogous statutes, and that the statute here under consideration, like the statute under consideration in the Atkinson case, is not violative of the constitutional provision.

It is further contended by the appellant that the trial court erred in refusing the appellant to question the

prosecutrix as to subsequent acts of intercourse between her and the appellant after the commission of the act of seduction. In this connection, the appellant also complains that the court erred in refusing its request for the following instruction:

"The court instructs the jury for the defendant that if the jury believes from the evidence in this case that after the alleged seduction occurred, Willena Walker continued to have intercourse with the defendant, Allen Aldridge, such acts do not affect the guilt of the defendant and may be considered by the jury as bearing upon the previous chaste character of Willena Walker."

██ ██ The appellant argues that he should have been permitted to interrogate the prosecutrix with reference to subsequent acts of intercourse between her and the appellant, it being the position of the appellant that such evidence of subsequent acts of intercourse was competent as bearing upon the question of the prosecutrix's previous chaste character. Without regard to whether the evidence as to subsequent acts of intercourse was admissible, we think that the action of the court in declining to permit such interrogation of the prosecutrix and in refusing the requested instruction was not prejudicial to the appellant for the reason that the evidence amply shows that after the commission of the crime of seduction, the appellant and the prosecutrix lived together as man and wife for a number of months, and such evidence was ample to inform the jury that subsequent acts of intercourse had been committed. We are of the opinion, therefore, that the ruling of the court with reference to such evidence, ██ ██ and with reference to the instruction requested, was not prejudicial to the appellant and did not constitute reversible error.

The appellant finally contends that the court erred in granting to the State its instructions number one and two. We have carefully examined these instructions and are of the opinion that they correctly instructed the jury

as to the applicable law. We therefore find no merit in this contention.

■■ Viewing the record as a whole, we are of the opinion that it clearly establishes the guilt of the appellant. His act was deliberate. He knew when he proposed marriage to the prosecutrix that he was already married and had a living and undivorced wife and was not free to marry another. It is manifest, therefore, that he had no intention of marrying her lest he subject himself to grave penalties of the law. His proposal of marriage could have had but one purpose and that he accomplished. In so doing, he has brought tragedy to the life of a young girl. It is but just that the strong hand of the law should be laid upon him, and the jury has so decreed. We find no reversible error in the record and the judgment of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.