305 So.2d 361 (1974)
Jackie Lee McKORKLE
v.
STATE of Mississippi.
No. 48163.
Supreme Court of Mississippi.
December 23, 1974.
Robert E. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Jackie Lee McKorkle was convicted by a jury in the Circuit Court of Forrest County of the crime of rape and sentenced to life imprisonment. He appealed to this Court and raises only one question. We affirm.
Defendant argues that the trial court erred in not granting a motion to dismiss the charges because the crime was committed in Lamar County and the Circuit Court of Forrest County did not have venue jurisdiction.
The defendant was indicted under Mississippi Code 1972 Annotated section 97-3-65, which provides in part as follows:
Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years, or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer *362 death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in case of murder.
The proof amply supported the charges. The victim was given by the defendant a pill called "quaylude" which produced dizziness and a stupor that rendered the victim unable to resist the defendant's assault.
Mississippi Code 1972 Annotated section 99-11-19 provides:
When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.
A case identical in principle is Aldridge v. State, 232 Miss. 368, 99 So.2d 456 (1958). In that case the Court said:
The appellant next contends that the circuit court of Forrest County was without jurisdiction of the crime and that there was a fatal variance as to the venue alleged in the indictment and the proof introduced on the trial. The indictment charged that the offense was committed in Forrest County. The proof showed that the promise of marriage occurred in Forrest County but that the act of intercourse occurred in Jones County. Both the promise of marriage and the act of intercourse are essential elements of the crime, and, therefore, the crime was committed partly in one county and partly in another, and the jurisdiction of the crime became governed by Section 2429, Vol. 2A Recompiled, Mississippi Code of 1942. .. . 99 So.2d at 460.
The administering of the pill to the victim was an essential element of the crime alleged in the indictment and established by the proof. This occurred in Forrest County, while the actual rape took place in Lamar County. Under the foregoing statute as construed by this Court in Aldridge, the venue was properly laid in Forrest County.
There being no reversible error, the case should be and it is affirmed.
Affirmed.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.