Frank David Kirby was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, and sentenced to life imprisonment. He raises on appeal four issues; however, none questions his guilt. Accordingly, we will not present a panoply of facts detailing the appellant's heinous crime.
On a cold Friday night, January 23, 1981, the eighteen-year-old victim was exiting her car in a pizza parlor's parking lot when she was forcibly abducted by three men in a red pickup truck; Steve Chamblee approached her under the pretense of needing directions and then slugged her and dragged her to the truck, where the appellant helped to force her onto the floor-board; the appellant's brother, Billy Joe Kirby, drove the truck. They kept her jammed down on the floorboard, and while a knife was pointed at her throat, she was stripped, slapped, pinched, and forced to perform oral sex on Chamblee and the appellant.
At one point, she tried to escape by jumping out of the truck, only to be grabbed and held while her bare feet were dragging on the pavement. For the next eleven hours, she was brutally assaulted, sodomized, and gang raped. The appellant and his accomplices stopped twice, once in a remote place, and again at a garbage dump. At each place they raped and sodomized her, once pouring beer onto her open wounds. Ultimately, she was released and finally given some of her ragged clothing.
 I
The appellant claims the statute of limitations had run prior to the commencement of the prosecution. This heinous crime occurred on January 23, 1981, and he was not indicted until April 5, 1985, more than four years after the offense. He contends that the three-year statute of limitations provision in § 15-3-1, Code of Alabama 1975, applies, whereas the prosecution contends there is "no limitation of time within which a prosecution must be commenced," as provided in §15-3-5, Code of Alabama 1975. The State's position is that rape is classified, for limitations purposes only, as an offense which may be punished capitally, citing Ex parte Bynum,294 Ala. 78, 312 So.2d 52 (1975).
We have recently decided this same issue, only involving robbery, and follow the decision of our Supreme Court. SeeCarroll v. State, 492 So.2d 323 (Ala.Cr.App. 1986). Accordingly, we hold that there is no period of limitations for the offense of rape. Additionally, we note that the legislature rewrote §15-3-5, Code of Alabama 1975, concerning the absence of limitations on some prosecutions, although the amendment did not become effective until January 7, 1985. Because the statute of limitations involves substantive rights instead of procedural rights, Stoner v. State, 418 So.2d 171
(Ala.Cr.App.), cert. denied, 418 So.2d 184 (Ala. 1982), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983), the amended statute does not apply to the prosecution of this offense.
 II
Next, the appellant claims that the trial court erred in not granting a motion for judgment of acquittal at the close of the State's case. He argues that the State did not prove proper venue. Because the abduction and the forcing of the victim to *Page 81 
perform oral sex occurred in Jefferson County, even if the rapes had not occurred there, venue would be proper there. "When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county." § 15-2-6, Code of Alabama 1975. Furthermore, once there is evidence regarding the place of the offense, "the question of venue then becomes one for the jury to decide." Agee v. State, 465 So.2d 1196, 1204
(Ala.Cr.App. 1984). See also § 15-2-7, Code of Alabama 1975, andGrace v. State, 369 So.2d 318 (Ala.Cr.App. 1979).
 III
The appellant raises two other issues involving a tape recording, and a transcript thereof, of the victim's statement. We find no error, and see no need to discuss the matter. Having addressed the issues having merit, we affirm the appellant's judgment and sentence.
AFFIRMED.
All the Judges concur.