TYSON, Judge.
Richard Allen Cummings was indicted for kidnapping in the first degree and rape in the first degree in violation of §§ 13A-6-43 and 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment”. At the sentencing hearing, the appellant was sentenced to 20 years’ imprisonment in the state penitentiary for kidnapping and 20 years in the state penitentiary for rape, such sentences to be served concurrently.
The appellant does not challenge the weight and sufficiency of the evidence as to these convictions, thus, only those facts relating to the question of proper venue will be necessary to the opinion.
On the evening of July 9, 1986 the prose-cutrix went to purchase a bottle of liquor for a friend. The prosecutrix went to a nearby liquor store on University Drive located in Huntsville, Alabama. The store was closed.
Two men yelled to the prosecutrix from the front of a neighboring bar for her to stop. The prosecutrix stopped and asked the men for directions to a liquor store that would still be open. The appellant, who had been drinking, offered to show the prosecutrix the way to the store. The other man went back into the bar. Even though the prosecutrix was reluctant, she allowed the appellant to get in on the passenger’s side and ride with her to the still open liquor store.
The prosecutrix testified that, after making her purchase at the liquor store, the appellant asked her to drive him to a friend’s house, which was nearby. The appellant directed her to U.S. Highway 231 (South Memorial Parkway). They were still in Madison County, Alabama at this time.
After proceeding a short distance down this road, the prosecutrix told the appellant she was not going any further and started turning the steering wheel to make a U-turn. The appellant grabbed the steering wheel and said, “I will punch you in the face.” (R. 35). At this point the prosecu-trix testified she “realized [she] was in trouble.” (R. 35-36). This confrontation over control of the steering wheel took place before they reached the Whitesburg Bridge (which is a boundary marker for the Madison and Morgan county line).
The appellant told the prosecutrix to “calm down and go that it would be all right.” (R. 37). The prosecutrix continued driving down Highway 231 heading toward the Whitesburg Bridge. Immediately before they reached the Whitesburg Bridge the prosecutrix told the appellant she was not going any further and attempted to turn around. However, a fight ensued which resulted in the appellant taking control of the automobile. At this point the appellant and the prosecutrix were still in Madison County.
The appellant then drove over the bridge and began driving “fast” and “crazy”. The prosecutrix, being afraid of the way the appellant was driving, talked the appellant into letting her drive. The prosecutrix told the appellant she would drive wherever he wanted to go. The road then “dead ends” into another street. The appellant told the prosecutrix to turn right but she attempted a U-turn. At this time the appellant threatened to kill her if she attempted that again. Shortly after this the appellant made the prosecutrix stop the car and the appellant began to drive.
The appellant drove to a secluded wooded area. The appellant by force, without *243 consent of the prosecutrix, had sexual intercourse with the prosecutrix.
The prosecutrix convinced the appellant that she would not tell anyone what had happened. She then persuaded the appellant that she needed to call her mother to check on her son. The appellant drove to a nearby convenience store in Arab, Alabama. The prosecutrix ran into the store and told the clerks what had happened. The clerks took the prosecutrix to the back room and then telephoned the police. Meanwhile, the appellant had left on foot.
Officer Hipp testified that the wooded area to which the appellant carried the prosecutrix was located on the Marshall and Morgan County, Alabama boundary line.
I
The appellant contends that the Circuit Court of Madison County did not have venue to try the appellant for the offense of kidnapping.
Section 13A-6-43, Code of Alabama 1975 provides in the relevant part as follows:
“(a) A person commits the crime of kidnapping in the first degree if he abducts another person with intent to * * *
“(4) Inflict physical injury upon him or to violate him sexually;” * * *
In Guess v. State, 507 So.2d 546 (Ala. Crim.App.1986) aff’d 507 So.2d 551 (Ala. 1987) states:
“Pursuant to the new kidnapping statute, the State must prove two intents: The first deriving from the abduction element and the second from the statutory subdivisions of § 13A-6-43(a)(lH6).”
quoting Owens v. State, [Ms. 4 Div. 536, February 12,1986] (Ala.Crim.App.1986).
In the case at bar, the prosecutrix’s testimony established (1) that the appellant grabbed the steering wheel to prevent the prosecutrix from turning around, (2) threatened to punch her in the face and (3) later took control of the vehicle, all occurring in Madison County, Alabama. These actions showed this appellant had the necessary abduction intent while in Madison County. Also, these actions showed the second intent from the statutory subdivisions of § 13A-6-43(a)(l)-(6), which was the intent to carry the prosecutrix to an uninhabited wooded area and to confine her in order to abuse her sexually. Therefore, the act of first degree kidnapping was completed in Madison County.
Hence, the Circuit Court of Madison County, Alabama, did have venue to try this appellant for the kidnapping offense.
II
The appellant contends that the Circuit Court of Madison County did not have venue to try the appellant for the offense of rape.
The appellant argues that no part of the acts constituting this alleged rape occurred in Madison County. The appellant’s argument on this point is solely based on Williams v. State, 383 So.2d 547 (Ala.Crim. App.1979), aff’d 383 So.2d 564 (Ala.1980), cert denied, 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980). That case involved a bribery prosecution where the defendant, co-conspirator, had performed no act of the conspiracy in the county in which he was prosecuted. Venue was held proper because acts of a co-conspirator were performed in that county.
Before looking at this case, we will also need to consider the relevant Alabama statutes, Section 13A-6-61, Code of Alabama (1975) states:
“(a) A male commits the crime of rape in the first degree if: (1) He engages in sexual intercourse with a female by forcible compulsion;”
[[Image here]]
The statute applicable to venue § 15-2-6, Code of Alabama (1975) provides as follows:
“When an offense is committed partly in one county and partly in another county the acts or effects there of constituting or requisite to the consummation of the offense occur in two or more counties venue is in either county.” (emphasis added)
*244 In Williams v. State, the Alabama Supreme Court stated:
“This statute [Ala.Code § 1-2-6 (1975)] is almost identical with § 781 of the California Penal Code. A California case applying venue to a bribery prosecution interpreted this statute:
“Obviously, the phrase, ‘or requisite to the consummation of the offense’ means requisite to the completion of the offense —to the achievement of the unlawful purpose — to the ends of the unlawful enterprise. By the use of the word ‘consummation’ the legislature drew a distinction between an act or an effect thereof which is essential to the commission of an offense, and an act or effect thereof which, although unessential to the commission of the offense, is requisite to the completion of the offense— that is, to the achievement of the unlawful purpose of the person committing the offense.”
Williams, supra at 566.
In People v. Ortez, 120 Cal.App.2d 469, 261 P.2d 325 (1953) a defendant was convicted of statutory rape in the county where the defendant invited the victim into his car and not in the county where sexual intercourse occurred. The court stated:
“Under Penal Code section 781 even though the actual commission of the offense was performed in some other county the prosecution could properly have been in either county. Here the record shows without contradiction that an unin-terruped series of acts by defendant began in Alturas [County] and continued until the offense was completed.”
Id, 261 P.2d at 327.
It has also been established in other states with very similar venue statutes that rape prosecutions can be in the county where the victim was abducted from rather than the county where the actual commission of sexual intercourse occurred. Maulden v. State, 87 Ga.App. 563, 75 S.E.2d 30 (1953); Williams v. State, 178 Ind.App. 554, 383 N.E.2d 416 (1978); Moore v. Commonwealth, 523 S.W.2d 635 (Ky.1975); McKorkle v. State, 305 So.2d 361 (Miss. 1974); State v. Gallup, 520 S.W.2d 619 (Mo.Ct.App.1975); State v. Ring, 54 Wash. 2d 250, 339 P.2d 461 (1959); Annot., 100 ALR 3d 1174 (1980); See Kirby v. State, 500 So.2d 79 (Ala.Crim.App.1986).
In this cause the act of the appellant in getting the prosecutrix to a secluded area was a requisite act to raping her in this cause. That act began in Madison County. Therefore, the uninterrupted acts that led to the rape began in Madison County. Hence, Madison County did have venue to try this appellant for rape.
The trial court properly overruled the appellant’s objection to the venue issues asserted by motion for judgment of acquittal for both the kidnapping and rape charges and submitted this cause to the jury.
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.