BASCHAB, Judge.
The appellant, Hewitt Patrick Robert, Jr., was convicted in the Opelika Municipal Court of harassing communications, a violation of § 19-446(b)(l), Code of Ordinances of the City of Opelika. The municipal court sentenced him to serve a term of ninety days in the city jail and fined him $500. He appealed his conviction to the Lee Circuit Court for a trial de novo, and he was again convicted of harassing communications. The circuit court sentenced him to serve a term of ninety days in the city jail and fined him $500. This appeal followed.
The City presented evidence that, between 5:01 a.m. and 5:34 a.m. on June 12, 2003, the appellant telephoned the cellular telephone of the victim, Leigh Anne Ballard, three times; that, during that time, the victim was at her home in Salem, Alabama; that the victim had turned off her cellular telephone the night before; that the appellant left messages on her voice mail; that, around 8:00 a.m., while she was in Opelika, the victim turned on her cellular telephone and heard those messages; that, around 9:00 a.m. and again around 9:30 a.m., the appellant again telephoned the victim’s cellular telephone; and that the victim was in Opelika on both of those occasions.
*875 I.
The appellant argues that the circuit court should have dismissed the complaint against him because the municipal court allegedly did not timely file the paperwork for his appeal in the circuit court. He perfected his notice of appeal to the circuit court on October 28, 2003.
“Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal ... court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal ... court clerk’s possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court Mthin the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated.”
Rule 30.4(a), Ala. R.Crim. P. The record on appeal included a copy of the appeal bond the appellant filed in the Opelika Municipal Court which was stamped as filed by the circuit court clerk. (C.R. 4.) However, the date it was filed was not legible. Also, the record was not clear as to what other documents were filed with the appeal bond. Therefore, on May 20, 2004, we ordered the circuit court to file a corrected copy of the appeal bond which showed the date it was filed in the circuit court or to certify to this court the date the appeal bond was filed in the circuit court and to certify what documents were filed with the appeal bond. On May 27, 2004, the circuit court clerk filed an affidavit stating that the notice of appeal, appeal bond, warrant, deposition, case action summary sheet, notice of receipt, request for check disbursement, committal to custody, and notice to defendants had been filed in the circuit court on October 30, 2003. Because the documents from the municipal court were filed in the circuit court within fourteen days after the appellant perfected his notice of appeal, the appellant’s argument is without merit.[1]
II.
The appellant also argues that the circuit court erroneously denied his motion for a continuance. The record indicates that the appellant was arrested for the offense of harassing communications on June 17, 2003; that, on October 27, 2003, the appellant was convicted in the Opelika Municipal Court of harassing communications; that the appellant filed a notice of appeal for a trial de novo to the circuit court on October 28, 2003; and that, on November 17, 2003, the circuit court entered an order setting the appellant’s arraignment for November 25, 2003, and setting his trial for December 1, 2003.
On November 25, 2003, defense counsel filed a motion for a continuance in which he alleged that the appellant had received the order setting his arraignment and trial on November 19, 2003; that, on November 24, 2003, the appellant came to his office for an interview; that, on that date, the appellant retained him to represent him in this matter; and that he had filed a motion for discovery on November 25, 2003.
On December 1, 2003, before the appellant’s trial began, the following occurred:
*876 “[DEFENSE COUNSEL]: ... Your Honor, I filed on the 25th, I believe, which was last Tuesday was a motion for a continuance in this case. You set arraignment date for that Tuesday and then six days later here we are in trial. And I filed the motion for continuance because the defense has not had adequate time to prepare for this case. And it’s just, I respectfully submit to the Court it’s just unconscionable for us to try to prepare in six days to try this case. And of course, the courthouse was closed Thursday and Friday. We did not have any time to even issue any subpoenas in this case. And we just submit that it would just be unconscionable and we could not get a fair and impartial trial because we have not had adequate time to prepare. And without me having adequate time to prepare for this case the Defendant would basically be in a position of possibly getting ineffective assistance of counsel from me not having adequate time to prepare. So we ask for a continuance to be granted in this case, Your Honor, based on—
“THE COURT: Who did you want to subpoena?
“[DEFENSE COUNSEL]: There’s possibly one witness, Your Honor, to subpoena which I think was in — just a second.
“A name that I — ..., which she works at the East Alabama Medical Center, will possibly be called as a witness in this case.
“THE COURT: Well, the people that are working at East Alabama Medical Center are easily available. Anything else?
“[DEFENSE COUNSEL]: That’s all on that, Your Honor.
“THE COURT: Motion is denied.”
(R. 4-5.)
“The decision whether to grant or deny a motion for a continuance is committed to the sound discretion of the trial court, and such a decision will not be reversed absent a clear showing that the trial court abused its discretion. Smith v. State, 698 So.2d 189 (Ala.Cr.App.1996), aff'd, 698 So.2d 219 (Ala.), cert. denied, 522 U.S. 957, 118 S.Ct. 385, 139 L.Ed.2d 300 (1997); Burrell v. State, 689 So.2d 992 (Ala.Cr.App.1996); Grimsley v. State, 678 So.2d 1197 (Ala.Cr.App.1996).”
Hyde v. State, 778 So.2d 199, 233-34 (Ala.Crim.App.1998), aff'd, 778 So.2d 237 (Ala.2000).
The appellant was first arrested on the harassing communication charge on June 17, 2003, more than five months before his trial de novo in the circuit court. Also, this case involved a trial de novo that took place more than one month after the appellant was convicted of harassing communications in the municipal court. Further, according to defense counsel’s allegations, the appellant waited until five days after he had received notice of his December 1, 2003, trial date before he met with and retained counsel to represent him in this matter. Moreover, the transcript of the trial indicates that defense counsel was prepared and thoroughly cross-examined witnesses. Finally, the appellant did not indicate during the trial that there were witnesses he had wanted to call but had not been able to obtain their presence at his trial. Therefore, under the circumstances, we do not find that the circuit court erred in denying the appellant’s motion for a continuance.
III.
Finally, the appellant argues that the circuit court erroneously denied his motion for a judgment of acquittal. Specifically, he contends that the City did not prove venue because some of the telephone calls that formed the basis for the harass *877 ing communications charge were made while the victim and her cellular telephone were not in Opelika.[2]
“A person commits the crime of harassing communications if, with intent to harass or alarm another person, he:
“(1) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail or any other form of written or electronic communication, in a manner likely to harass or cause alarm ...”
§ 19 — 446(b)(1), Code of Ordinances of the City of Opelika.
The victim testified that her cellular telephone was turned off when the appellant placed the first three telephone calls; that she was in Opelika when she turned on her telephone and heard those messages; and that she was in Opelika when the appellant made the last two telephone calls. We recognize that, with the increasing usage of cellular telephones, similar situations may arise more often. Realistically, victims could receive and/or retrieve calls and/or messages in many different locations. Therefore, it would be appropriate for venue to lie in the places where the victim actually receives calls or retrieves messages as well as the location of the victim’s telephone at the time the calls are made.[3]
“[0]nce there is evidence regarding the place of the offense, ‘the question of venue then becomes one for the jury to decide.’ Agee v. State, 465 So.2d 1196, 1204 (Ala.Cr.App.1984).”
Kirby v. State, 500 So.2d 79, 81 (Ala.Crim.App.1986). Because the City presented evidence that the victim received or retrieved all of the calls or messages while she was in Opelika, the question of venue was for the jury to decide.
Also, this case is analogous to a situation in which an offense is committed in more than one county. Section 15-2-6, Ala. Code 1975, provides:
“When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county.”
Obviously, the same principles should apply when an offense is committed partly in one municipality and partly in another municipality. Therefore, even if the first three calls were considered to have been made in Salem, Alabama, the last two were made in Opelika, Alabama. Therefore, venue would lie in either Salem or Opelika.
Finally, even if we determined that the victim actually received the first three telephone calls when she was at her home in Salem, the City still presented evidence that venue was proper in Opelika. The victim testified that she was in Opelika when she received the last two telephone calls. Even without the evidence about the first three calls, evidence concerning the last two calls was sufficient to support a conviction for harassing communications. Therefore, the appellant’s argument is without merit.[4]
*878 For the above-stated reasons, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellant also appears to argue that the record from the municipal court was not complete because it did not include a copy of a motion to dismiss he had filed in the office of the attorney for the City of Opelika. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Finch v. State, 715 So.2d 906 (Ala.Crim.App.1997)(holding that we will not consider arguments raised for the first time on appeal).

.In his brief, the appellant lists in his statement of issues an argument that the City did not “prove each and every element of the offense beyond a reasonable doubt.” (Appellant’s brief at p. 3.) However, in his argument as to this issue, he states that “the City of Opelika failed to prove each and every element of the offense beyond a reasonable doubt since Ms. Ballard admitted she received calls at her residence located outside the police jurisdiction and outside the corporate limits of Opelika.” (Appellant’s brief at p. 18.) Therefore, this issue is merely another challenge to the City’s proof of venue and not a separate challenge to the sufficiency of the evidence to support his conviction.

. We leave for another day the question of whether venue would be proper in the place where the defendant is when he makes the call.

. To the extent the appellant argues that there was a variance between the allegations con *878 tained in the complaint and the evidence presented at trial, that argument is not properly before this court because he raises it for the first time on appeal. See Hill v. State, 665 So.2d 1024 (Ala.Crim.App.1995).