### John Murry *v.* State of Mississippi.

[54 South. 72.]

1. Criminal Law and Procedure. *False pretenses. Section* 1168, *Code* 1906. *Jurisdiction.*

    Where one removed cotton upon which there was a landlord's lien from one county into another and sold same without informing the purchaser thereof of such lien, the crime of false pretenses was committed in the county in which the cotton was sold, hence an indictment under section 1168, Code 1906, in his home county for obtaining money by false pretenses should be quashed for want of jurisdiction.

2. Criminal Law. *Section* 1406, *Code* 1906. *Venue.*

    Where an offense is committed partly in one county and partly in another, either county shall have jurisdiction where prosecution shall be first begun.

Appeal from circuit court of Claiborne county.

Hon. H. C. Mounger, Judge.

John Murry moved some cotton, upon which there was a landlord's lien, from his home county, Claiborne, to Copiah county, and sold same without informing the purchaser thereof of such a lien; he was indicted under section 1168, Code 1906, in the circuit court of Claiborne

county for the crime of false pretenses, was convicted and sentenced, and appeals to the supreme court.

A full statement of the facts is given in the opinion of the court.

*J. McC. Martin & R. B. Anderson,* for appellant.

The court below maintained its jurisdiction in this case, on basis of sections 1401, 1406 and 1408 of Code of 1906. The first reads as follows:

"The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where the offense was committed. But, if on the trial the evidence make it doubtful in which of several counties, including that in which the indictment alleges it, the offense was committed, such doubt shall not avail to procure the acquittal of the defendant."

The second reads as follows: "When an offense is committed partly in one county and partly in another, or where the acts, effects, means or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun."

The third reads, as follows: "Where property is stolen in another state or county and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.

Vardaman's testimony alone is relied on by the state to show a lease of land in Claiborne county to appellant. 2nd. To show that appellant removed from said land three bales of cotton, which he sold to Kemp. 3rd. That appellant owed him three bales cotton rent, which he had not paid. Not one word of his testimony establishes any of said matters. Does the so-called confession, if admissible in evidence, do so? Read from beginning to end

there is nothing that establishes any of said matters. On the contrary, the charge is selling to Kemp, without disclosing lien on cotton. Every word of the testimony, as to where the sale was made, shows that if made at all by appellant, or Ford or Johnson, it was made in Copiah county, at Hazlehurst. Even the inception of any such crime as is charged in indictment, so far as cotton sold Kemp is concerned, fails to have been in Claiborne county. Then section 1401 can have no bearing, because no element of doubt can exist from the evidence, as to where the cotton, making 390 pounds sold by Ford, was so sold. It was sold to Kemp by Ford, thus fixing the jurisdiction, if Ford was on trial, instead of appellant.

Was the offense, charged against appellant, in the indictment, committed partly in one county, to-wit: Claiborne, and partly in Copiah county, or do the acts, effects, means or agency occur in whole or in part in different counties? One or other of the above must exist to place jurisdiction in the court of either county. The charge intended to be made by the indictment, although in fact it charges no crime enumerated in the section of the Code above quoted, was a sale to Kemp, by which he obtained from Kemp whatever he received, without disclosing to him that there was a lien on the thing sold to him, Kemp, there being in fact a lien on it, and such lien being known to so exist by appellant. Then, how does Vardaman, even if the evidence showed a lien on the cotton actually sold to Kemp, or showed that the cotton sold was raised on land belonging to Vardaman, and which he had leased to appellant?

The facts as shown in the record are: 1st. That appellant had nothing whatever to do with the direct sale of any cotton whatever to Kemp. 2nd. Nothing in the record shows that three bales of cotton, as charged in indictment, was sold by any one to Kemp. One bale, ginned at Gallatin, in Copiah county, weighing 390

pounds, as testified to by Wade, was sold to Kemp by a man giving his name as Ford, as testified to by Kemp. This done at Hazlehurst in Copiah county, Louis Thomas tells that Jack Johnson took a load of cotton in seed to Gallatin and had it ginned giving the name of Ford. He did not know from whence the cotton came. It was in a wagon owned by appellant, drawn by a team which belonged to appellant. John Murray testified as to how Jack Johnson came into possession of his wagon and team, it being rented to Jack, who used it doing general hauling; hence, Jack's possession is explained without showing any guilty knowledge on the part of appellant, that Jack was using wagon in hauling either stolen cotton, or cotton that belonged to appellant, with appellant's knowledge and upon which a lien existed in favor of Vardaman. The above synopsis of the testimony shows one positive fact, and that is that Johnson, under an assumed name, hauled a load of seed cotton to Gallatin, in Copiah county, and afterwards took it to Kemp at Hazlehurst in Copiah county and sold it to Kemp. Therefore, every element of section 1406 is lacking, whereby the circuit court of Claiborne county can possibly assume jurisdiction. The sale to Kemp constitutes the gist of the crime, if in fact a crime has been committed; and this sale was made wholly within the county of Copiah and not in Claiborne county. Hence the circuit court of Claiborne county is without jurisdiction.

*Carl Fox,* assistant attorney-general, for appellee.

The second assignment of error raises what seems to me the only serious question in the record, and that is the question of jurisdiction of the circuit court of Claiborne county. Before discussing this assignment, it will be well to see exactly what the material facts are.

Mr. Vardaman testified that the defendant rented land from him for the year 1909, and the rent note which the defendant executed to him was introduced. He testi-

fies that the defendant made between eight and nine
bales of cotton, but delivered to him only five bales, ag-
gregating something less than twenty-three hundred
pounds.   The negro had agreed to pay him three thou-
sand pounds of cotton, so. that he lacked something over
seven hundred pounds of paying Mr. Vardaman in full.
Under our law, Mr. Vardaman had a lien for his rent on
all of the rest of the cotton which the defendant made
above the five bales which he delivered to Mr. Varda-
man.   Assuming that the defendant employed or pro-
cured Jack Johnson to run this cotton off and have it
ginned in Copiah county and then had Jack Johnson to
sell it in Copiah county, the question is, I think, whether
or not under section 1406 of the Code of 1906, the circuit
court of Claiborne county had jurisdiction.   There is no
question, of course, but that the circuit court of Copiah
county would have had jurisdiction.

Section 1406 divides itself broadly into two parts.
Either of two counties is given jurisdiction: First, when
an offense is committed partly in one and partly in an-
other; and second, where the act, effect, means or agency
occur wholly or in part in different counties.   Light is
thrown on the meaning of the legislature by the follow-
ing language:   "The jurisdiction shall be in either county
in which said offense was commenced, prosecuted, or
consummated, where prosecution shall first begin."   So
far as the first division of the section, given above is
concerned, the offense in this case, consisting of the sale
to Mr. Kemp without informing him of Mr. Vardaman's
lien, was committed wholly in Copiah county.   No part of
the actual offense itself, that is the negotiation of the
sale, the sale and transfer of the cotton, occurred in
Claiborne county.   But the means or agency occurred,
in the rather awkward language of the section in Clai-
borne county, as well as in Copiah county.   The means
of the sale and the agency out of which it grew, were
put in motion in Claiborne county when the defendant

procured Jack Johnson, alias Henry Ford, to take the
cotton from Mr. Vardaman's place in Claiborne county
to a gin in Copiah county, and afterwards to sell it to
Mr. Kemp in Copiah county. Furthermore, "the offense
was commenced and prosecuted," in the language of
section 1406, in Claiborne county.

McLAIN, C., delivered the opinion of the court.

John Murray was indicted, convicted, and sentenced,
in the circuit court of Claiborne county, for the crime
of false pretenses, and from this judgment he appeals
to this court.

The indictment upon which he was convicted charges
as follows: "That one John Murray and Jack John-
son, late of Claiborne county, state of Mississippi, to-
wit, in the county and state aforesaid, then and there
did unlawfully, knowingly, and feloniously sell to S.
Kemp three bales of cotton, of more particular descrip-
tion to the grand jurors unknown, of the value of one
hundred and fifty dollars, upon which cotton H. B. Var-
daman had a landlord's lien for rent, and of which lien
upon said cotton the said John Murray and Jack John-
son had knowledge, without informing the said S. Kemp
of the said lien, or of the exact state of said cotton as
affected by said sale, with the intent to injure and de-
fraud the said Kemp."

This indictment was drawn under section 1168, Code
1906, and that part of said section applicable to the facts
of this case reads as follows: "If any person shall sell
property . . . on which he knows there is a lien of
any kind, by contract or by law, without informing the
person to whom he sells of the exact state of the prop-
erty as affected by said act, or of the lien or incumbrance
thereon, he shall be guilty of obtaining under false pre-
tenses whatever he received from the person dealing
with him, and shall, on conviction, be punished there-
for, as for obtaining goods under false pretenses."

The only assignment of error we will notice in the consideration of this case is the one of jurisdiction. This is, to our mind, the most serious question in the record. Before discussing this assignment, it will be proper to give some of the material facts. It appears from the record that the defendant rented land situated in Claiborne county from one H. B. Vardaman for the year 1909, giving a rent note, which was introduced on trial. All of the rent was not paid. It appears from the record that defendant hauled a load of seed cotton from the leased premises to a gin situated in Copiah county. The evidence shows that one Jack Johnson hauled the cotton to the gin, using the wagon and team of John Murray. After the cotton was ginned and baled, it is alleged that Jack Johnson, under an assumed name, took the cotton from the gin and carried it to Hazlehurst, Copiah county, and there sold it to one S. Kemp, receiving the money therefor.

"When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun." Section 1406, Code 1906. From this it is clear that where a crime is committed partly in one county and partly in another— that is, where some acts material and essential to the crime and requisite to its consummation occur in one county, and some in the other—the accused is indictable in either. Where a crime is composed of several elements, and a material one exists in either of two counties, the courts of either county may, under statutory regulation to that effect, rightfully take jurisdiction of the entire crime. See A. and E. Enc. of Law, vol. 4, p. 723.

Applying the facts of this case to the above principles of law, did Claiborne county have jurisdiction of this

crime as well as Copiah county? Defendant sold the
cotton to S. Kemp, of Copiah county, and the indictment
charges: "Upon which cotton H. B. Vardaman had a
landlord's lien for rent, and of which lien upon said
cotton the said John Murray and Jack Johnson had
knowledge, without informing the said S. Kemp of the
said lien, or of the exact state of said cotton as affected
by said sale, with intent to injure and defraud the said
Kemp." The crime here charged is selling the cotton
to S. Kemp without disclosing to him the existence of
a lien on the cotton, with intent to injure and defraud
said Kemp. For such an act section 1168, Code 1906,
under which this defendant is indicted says: "He shall
be guilty of obtaining under false pretense whatever he
received from the person dealing with him." Bear in
mind that defendant is not indicted for removing prop-
erty, without the consent of the landlord, from the leased
premises, on which the landlord has a lien. Such pro-
ceeding is provided for by section 1261, Code 1906. Nor
is he indicted for removing property, on which there
was a lien, without the consent of the landlord, out of
the county, which is authorized by section 1262, Code
1906.

In this case the state elected to prosecute defendant
for false pretenses—that is, for selling the cotton on
which there was a landlord's lien, without informing the
purchaser of the lien—which act alone, when proven,
makes the party guilty of false pretenses, as provided
for by the section of Code under which this indictment is
drawn. Evidently the trial court, in assuming jurisdic-
tion of this matter, was governed by section 1406 of Code
1906, which is quoted above. Under the facts of this
case, no "acts, effects, means, or agency" occurred in
Claiborne county that were essential and material to the
alleged crime and requisite to its consummation. The
crime of false pretense, as charged, was committed
wholly in Copiah. Manifestly none of the material ele-

ments of which this crime is composed occurred in Claiborne county. Some of the evidence necessary to prove the crime as charged existed and originated in Claiborne. It would be necessary, on the trial of the case in Copiah, to prove that Vardaman had a landlord's lien on said cotton for rent, that the cotton was produced on his leased land, and that the cotton was taken, without his consent, to Copiah county, and there sold to S. Kemp, etc. All of this is a mere link in the chain of evidence necessary to establish the case of false pretenses, committed by defendant in Copiah county.

Assuming to be true that Vardaman, of Claiborne county, had a landlord's lien upon this cotton, raised by John Murray in Claiborne county, and that John Murray, having said cotton in his lawful possession, took the cotton or caused it to be carried into Copiah county, and sold it to S. Kemp, without disclosing to him the existence of a lien thereon, then John Murray is guilty of obtaining under false pretenses, whatever was received from Kemp for the cotton. If A., of Claiborne county, has a deed of trust upon B.'s horse in Claiborne county, and B., having the lawful possession of the horse, takes the horse into Copiah and sells him to Kemp without disclosing to him the lien, then B., if indicted under section 1168, Code 1906, is guilty of obtaining under false pretenses, whatever he received from Kemp for the horse. Claiborne county would have no jurisdiction of this crime, as defined by this section, although the deed of trust was given in Claiborne, and the horse was taken from that county to Copiah and sold. But proof of the existence of this deed of trust, etc., would be necessary to convict defendant for this charge of false pretenses in Copiah county. However, B. could be indicted in Claiborne county for removing property subject to lien out of the county.

We have carefully considered the facts of this case, along with sections 1168 and 1406, Code 1906, and we

are of the opinion, under the facts developed in this case, that Copiah county alone had jurisdiction.

*Reversed and appellant discharged.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reversed, the indictment quashed for want of jurisdiction, and the appellant discharged.