ROBERTSON, Justice,
Charles Hogarth was indicted by the grand jury of the Circuit Court of Lamar County on July 9, 1974, for the unlawful sale of marijuana on September 6, 1973.
On July 15, 1974, defendant filed a motion to quash the indictment alleging that under the provisions of Mississippi Code Annotated section 99-11-19 (1972), exclusive jurisdiction was vested in the Circuit Court of Forrest County, Mississippi, because the grand jury of the Circuit Court of Forrest County had previously indicted the defendant for the same offense in March. 1974. Defendant further alleged that on June 7, 1974, the Circuit Court of Forrest County, on its own motion, dismissed the indictment in that county for lack of jurisdiction.
On July 22, 1974, a hearing was held on the motion to quash and the Circuit Court of Lamar County found that under the provisions of section 99-11-19 supra exclusive jurisdiction was vested in the Circuit Court of Forrest County where defendant was first indicted.
The Lamar County Circuit Court found that Coleman v. State, 83 Miss. 290, 35 So. *385 937 (1903), was controlling, and the motion to quash the Lamar County indictment was sustained and the cause dismissed for lack of jurisdiction.
Section 99-11-19 first appeared in the Code of 1857. Over the 118-year span from 1857 to 1975 this statute has remained unchanged and is still the law. Section 99-11-19 provides:
“When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall he in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun." [Emphasis added].
In Coleman this Court said:
“Section 1334 provides that where an offense is committed partly in one county and partly in another, or where the acts, effects, means or agency occur in whole or in part in different counties, the jurisdiction shall be in either county where the offense was commenced, prosecuted, or consummated, ‘where prosecution shall be first begun.’ That provision controls the case at bar. The state can begin its prosecution in any of the counties in which any of the criminal agencies operate — anywhere that any act is committed in prosecution of the criminal design — but, having chosen the tribunal before which the party accused shall stand trial, it cannot, of its own motion, divest that court of jurisdiction, and begin another prosecution before another court in another jurisdiction. It is in accord with the familiar rule prevailing everywhere, that, where courts have concurrent jurisdiction, the court whose jurisdiction first attaches must retain the case for final disposition. The circuit court of Quitman county, having first acquired jurisdiction of the crime with which the appellant stands charged, must maintain it throughout. The entering of the nolle prosequi in that court does not prevent the grand jury of that county, if it so chooses, from now presenting an indictment against appellant, charging him with murder in slaying of Ella Coleman.” [83 Miss. at 297, 299, 300; 35 So. at 939-40].
Coleman was cited with approval in Parker v. State, 244 Miss. 332, 141 So.2d 546 (1962).
Coleman and Parker are dispositive of this case and the judgment of the Circuit Court of Lamar County is affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ-, concur.