328 So.2d 665 (1976)
Tommy Ray BASS
v.
STATE of Mississippi.
No. 48841.
Supreme Court of Mississippi.
March 16, 1976.
Dale & Upton, Columbia, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and ROBERTSON and SUGG, JJ.
ROBERTSON, Justice:
Tommy Ray Bass was indicted, tried and convicted in the Circuit Court of Lawrence County of embezzlement of 7.84 cords of pine pulpwood of the value of $234.50, the property of Monticello Forest Products Corporation. He was sentenced to serve a term of five years in the state penitentiary, but because this was his first felony offense the court suspended the execution of the sentence for a period of five years and placed Bass on probation under the supervision of the State Probation and Parole Board.
As the eleventh condition of suspension, the court provided:
"(k) And, further, that he pay fine in the amount of $1,000 on or before August 4, 1975."
*666 Defendant appeals.
On June 27, 1974, Bass was completing his work as the logging contractor employed by Monticello Forest Products Corporation to cut and haul the timber from the Evans tract in Lawrence County to the Georgia-Pacific mill either at Taylorsville, or Goss in Marion County. When Earl Smith and Leroy Summers of Monticello Forest Products corporation checked with Bass at the Evans property, Bass told them that he was loading his second load of pine logs.
Smith testified that about a week later he called Bass because Georgia-Pacific had only returned one delivery ticket for June 27th. Bass promised to look up the ticket and get it to Smith. Not having done this, Smith called Bass back. Smith testified:
"He told me he carried it to Columbia Pulp and Paper and asked me reckon what could he do. I said, `The thing for you to do is to come back up here and talk to these people and settle up with them' and he told me he'd be up there in a day or two and talk with them."
Bass never did settle up.
Bass assigns as error:
"1. The court erred in overruling the appellant's motion to quash the indictment filed in this cause.
"2. The trial court erred in overruling the appellant's motion for peremptory instruction of `not guilty' at the close of the prosecution's case, and likewise, defendant's motion for directed verdict at the conclusion of all testimony.
"3. The sentence imposed by the court to the extent that a fine is levied against the appellant is in excess of that authorized by statute."
The ground for the motion to quash was that the circuit court of Lawrence County did not have venue because the offense was not committed until the load of logs was delivered to Columbia Pulp and Paper in Marion County.
Mississippi Code Annotated section 99-11-19 (1972) provides:
"When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun." (Emphasis added).
Clarence Barnes, the driver of Bass's only truck testified that on June 27, 1974, when the truck was being loaded at the Evans tract in Lawrence County that Bass himself instructed Barnes to deliver that load to Columbia Pulp and Paper Company. The offense thus was partly committed in Lawrence County and fits squarely within the statute, prosecution having been first begun in Lawrence County. See State v. Hogarth, 317 So.2d 384 (Miss. 1975); Rogers v. State, 266 So.2d 10 (Miss. 1972); Aldridge v. State, 232 Miss. 368, 99 So.2d 456 (1958); Murry v. State, 98 Miss. 594, 54 So. 72 (1910).
The second assignment of error is that there was a fatal variance between the indictment and the proof because the indictment said 7.84 cords of pine pulpwood, and the proof was 7.84 cords of pine logs.
The third assignment of error was that the State failed to prove that Monticello Forest Products Corporation was a corporation.
Both of these points were raised for the first time on appeal. Not being jurisdictional, these alleged errors fail under the provision of Mississippi Code Annotated section 99-35-143 (1972):
"A judgment in a criminal case shall not be reversed because ... of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, *667 unless the record show that the errors complained of were made ground of special exception in that court." (Emphasis added).
See Jones v. State, 279 So.2d 594 (Miss. 1973); Ellis v. State, 254 So.2d 902 (Miss. 1971); Pieratt v. State, 235 So.2d 923 (Miss. 1970).
The fourth error assigned was that the trial court erroneously admitted into evidence a photostatic copy of a check for $234.50 issued June 28, 1974, by Columbia Pulp and Paper Co. to Tommy R. Bass.
When this exhibit was offered, the only objection made was that it was a copy and the original should be produced. The absence of the original was explained by Darrell Kelsoe, who signed the check for Columbia Pulp and Paper Company, and who identified the photostatic copy as an exact copy of the original, but not including the endorsements on the back of the check. Witness Kelsoe's explanation completely satisfied the trial judge. In addition, Mississippi Code Annotated section 13-1-151 (1972) specifically covers copies made by the photographic or photostatic process:
"Any business may cause any or all records kept by such business in the regular course of its operation to be recorded, copied or reproduced by any photographic, photostatic or miniature photographic process which correctly, accurately and permanently copies, reproduces or forms a medium for copying or reproducing the original record on a film or other durable material, ... .
"Any such photographic, photostatic or miniature photographic copy or reproduction shall be deemed to be an original record for all purposes and shall be treated as an original record in all courts or administrative agencies for the purpose of its admissibility in evidence." (Emphasis added).
The trial court did exceed its statutory authority when it attempted to add a $1,000 fine to the sentence.
Mississippi Code Annotated section 97-23-25 (1972), provides:
"If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either." (Emphasis added).
The two methods of punishment are alternative methods; the disjunctive conjunction "or" connects them. The trial court elected to sentence the defendant to imprisonment in the state penitentiary. Having chosen this method, the trial court, under the guise of a condition of the suspension, could not impose the additional sentence of paying a $1,000 fine.
The conviction is, therefore, affirmed, and the sentence to serve a term of five years in the penitentiary (suspended for five years) is also affirmed, but the additional sentence to pay a $1,000 fine is reversed and the fine canceled.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG and WALKER, JJ, concur.
BROOM, J., took no part.