# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01301-SCT

*CHARLES DOUGLAS GULLEY, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2002 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. CHARLES ROBB |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | ROBERT KEITH MILLER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/26/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. This appeal arises from an Order of the Jackson County Circuit Court Dismissing Post-Conviction Proceedings. Charles Douglas Gulley, Jr., argues that after being sentenced for the same offenses under both the misdemeanor and felony portions of then-existent Miss. Code Ann. § 97-23-19 (Rev. 2000), he was unlawfully imprisoned and is now entitled to be released because he has completed the misdemeanor sentence. Finding that the trial court sentenced Gulley under the felony portion of the statute and had additional statutory authority to impose a fine pursuant to Miss. Code Ann. § 99-19-32 (Rev. 2000), we affirm the trial court's dismissal of Gulley's post-conviction proceedings.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2.     On July 7, 1998, the Jackson County Grand Jury returned a 35-count indictment against Gulley,

charging him with the embezzlement of funds by a bailee under Miss. Code Ann. § 97-23-19. By way of

this indictment, Gulley was charged with having embezzled $3,144,828.90 between September 1990, and

March 1998, while serving as an agent for Minnesota Mutual Life Insurance Company, Inc., a Minnesota

corporation.   The State elected to put Gulley to trial on seven of the thirty-five counts in the indictment.

Gulley's trial in the Jackson County Circuit Court commenced on May 24, 1999, and concluded on May

29, 1999, with the jury finding Gulley guilty of each of the seven counts.   Pursuant to the jury verdicts,

Judge James W. Backstrom imposed penitentiary sentences upon Gulley on June 3, 1999.   The sentencing

order entered that day stated, inter alia:

> [U]pon the Defendant's conviction on the seven counts of Embezzlement, the Defendant,
> C. Douglas Gulley, be, and he is hereby, sentenced to serve Ten (10) years in custody of
> the Mississippi Department of Corrections on each of the above Counts 1 through 6, to
> run concurrent with each other, and to serve Ten (10) years in custody of the Mississippi
> Department of Corrections on the above Count 7, consecutive to the sentences in Counts
> 1 through 6, with the sentence in Count 7 suspended, and the Defendant to be placed on
> 10 years Post Release Supervision upon release from custody pursuant to and in
> accordance with the terms and provisions of Section 47-7-34 and Section 47-7-35 of the
> Mississippi Code as set forth in Exhibit "A" attached hereto, and should the Defendant fail
> to abide by the terms and provisions of the Post Release Supervision, then such Post
> Release Supervision shall be revoked, and the Defendant recommitted to the correctional
> facility from which he was previously released for a period of up to Ten (10) additional
> years, and the Defendant is assessed the costs of this proceeding and a fine of $1,000.00
> on each count for a total fine of $7,000.00.[1]

---

[1]Exhibit "A" attached to the sentencing order set out the specific terms and conditions of Gulley's
post release supervision. Without reciting here verbatim the post-release terms contained in Exhibit "A,"
suffice it to state that the terms and provisions for the most part tracked the language of Miss. Code Ann.
§ 47-7-35 (Rev. 2000), with a few added conditions which we deem to be routine in post-release
supervision and supervised probation sentencing orders.

¶3. Aggrieved by the judgment of conviction, Gulley perfected a direct appeal of the trial court's denial of post-conviction motions for a J.N.O.V. or, in the alternative, a new trial. Gulley remained at liberty on bond pending his appeal to this Court, and he thus paid the court-ordered $7,000 fine on July 27, 2000. We assigned Gulley's appeal to the Court of Appeals which affirmed the trial court judgment on January 9, 2001. *Gulley v. State*, 779 So.2d 1140 (Miss. Ct. App. 2001). Gulley then filed a motion in this Court for leave to file a post-conviction motion in the Circuit Court of Jackson County. Gulley's application was granted by this Court and remanded to the Jackson County Circuit Court. *Gulley v. State*, No. 2001-M-00256-SCT (Miss. March 18, 2002).

¶4. Upon remand, Judge Backstrom, on June 11, 2002, entered his Order Dismissing Post-Conviction Proceedings. Pursuant to Miss. Code Ann. § 99-39-19 (Rev. 2002), Judge Backstrom found that there was no material fact in dispute and that Gulley was not entitled to an evidentiary hearing on a question of law. Out of an abundance of caution, Judge Backstrom did however delete from the original sentencing order any reference to a fine and ordered the $7,000 fine returned to Gulley; however, Gulley refused to accept the proffered refund.

**DISCUSSION**

¶5. At the time of Gulley's conviction, Miss. Code Ann. § 97-23-19 (Rev. 2000) read as follows:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, with a value of Five Hundred Dollars ($500.00) or more, he shall be guilty of embezzlement, and, *upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not*

3

> *more than one thousand dollars **and** imprisoned in the county jail not more than one year, **or** either.*

(emphasis added). While not applicable here, we note that 2003 Miss. Laws ch. 499 § 7, effective July 1, 2003, amended Miss. Code Ann. § 97-23-19, to revise the values and penalties for embezzlement. The 2003 amendment states:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, *with a value of Five Hundred Dollars ($500.00) or more*, he shall be guilty of *felony* embezzlement, and, upon conviction thereof, shall be imprisoned in the Penitentiary not more than ten (10) years, or fined not more than *Ten Thousand Dollars ($10,000.00), or both. If the value of such goods, rights in action, money or other valuable security, effects, or property of any kind is less than Five Hundred Dollars ($500.00), he shall be guilty of misdemeanor embezzlement, and, upon conviction thereof, shall be imprisoned in the county jail not more than six (6) months, or fined not more than One Thousand Dollars ($1,000.00), or both.*

Miss. Code Ann. § 97-23-19 (Supp. 2003) (additions indicated by italics).

¶6.     Gulley was sentenced under the felony portion of the statute, as it then existed, by being ordered to serve ten years per counts one through six, with the sentences to run concurrently, and Gulley was sentenced to serve ten years on count seven consecutive to counts one through six, with the sentence in count seven to be suspended. Gulley was placed on ten years' post-release supervision upon his release from the custody of MDOC. As part of his "Post Release Terms and Provisions," Gulley was ordered to pay a fine in the amount of $7,000. These sentences and terms evidence that the trial judge intended Gulley

4

to be sentenced under the felony portion of the embezzlement statute. We also find the provisions of Judge Backstrom's Order Dismissing Post-Conviction Proceedings to be compelling:

> It is clear that the sentence in this case was legal, although it can be argued that the fine was excessive [footnote omitted]. This argument, however, overlooks Section 99-19-32 of the Mississippi Code that allows a fine in felony cases of $10,000 per case where no fine is allowed by the felony sentencing statute. Nevertheless, the Court will proceed *arguendo* with the proposition that the fine in these cases was excessive and not a sentencing alternative. The small fine in these cases was ancillary to imprisonment, as it was the intention of this Court to send this Petitioner to the penitentiary for the commission of these very serious crimes. This small fine should be treated as surplusage and deleted, and the amount of the fine returned to the Petitioner. [citations omitted]. An excessive sentence can be corrected, and the entire sentence does not have to be discharged. ***Bozza v. United States***, 67 S.Ct. 645, 330 U.S. 160, 91 L.Ed. 818 (1947). Additionally, even though this Court in the interests of justice will require the fine to be returned to the Petitioner, this Petitioner should have raised this issue that the sentence exceeds the maximum allowed by law pursuant to § 99-39-5(1)(d) in the trial court on appeal, but he did not. Since the sentence was not void, or the sentence had not expired, or the prisoner had not been unlawfully held in custody pursuant to § 99-39-5(1)(g), he has waived his right to present this issue under the post-conviction act. [citation omitted].

¶7. Gulley took offense to some of the language in Judge Backstrom's order and filed with this Court his Motion to Strike Order Dismissing Post-Conviction Proceedings.[2] In this motion, Gulley alleged inter alia that Judge Backstrom, in denying Gulley's post-conviction (PCR) motion, had "interjected evidence not of record before that Court" such as (1) Gulley's subsequent guilty pleas to the remaining 28 counts in the indictment, (2) Judge Backstrom's stated "intention" that the punishment should fit the crimes, (3) Gulley's misappropriation of funds in excess of $3,000,000, (4) Judge Backstrom's stated reliance on Miss. Code Ann. § 99-19-32 to undergird his assessment of the fines, and (5) Judge Backstrom's finding that the fine was "ancillary to imprisonment" and the intention was incarceration of Gulley for a long time.

---

[2]Gulley's Motion to Strike Order Dismissing Post-Conviction Proceedings was denied by order of this Court dated October 22, 2002.

¶8.     However, we note that when an inmate files a PCR motion pursuant to statute, the applicable

statute places an affirmative duty on the trial judge to review the record of the criminal proceedings under

attack via the PCR motion.  Miss. Code Ann. § 99-39-11 provides inter alia:

> (1) The original motion, together with all the files, records, transcripts and correspondence
> relating to the judgment under attack, shall be examined promptly by the judge to whom
> it is assigned.

> (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior
> proceedings in the case that the movant is not entitled to any relief, the judge may make an
> order for its dismissal and cause the prisoner to be notified.

Thus, it was proper for Judge Backstrom to consider matters not necessarily "in the record," based on the

applicable statutes and our case law.  *See **Harveston v. State***, 597 So.2d 641, 642-43 (Miss. 1992);

***Turner v. State***, 590 So.2d 871, 873-75 (Miss. 1991); ***Hentz v. State***, 503 So.2d 262, 264 (Miss.

1987).  In ***Turner***, we stated inter alia:

> Miss Code Ann. § 99-39-11 provides that the trial court judge shall examine not only the
> motion, but also *files, records, transcripts, and correspondence relating to the*
> *judgment under attack as well as prior proceedings* in the case to determine
> whether movant is entitled to relief.

590 So.2d at 875  (emphasis in the original). In making his findings, Judge Backstrom properly took judicial

notice of his own docket and the prior proceedings had and conducted in both the criminal proceedings

forming the basis for the attack via the civil PCR motion, as well as all proceedings had and conducted in

the civil matter related to the PCR motion.[3]   We find that there was nothing inappropriate in Judge

---

[3]*See also* Miss. R. Evid. 201(b), which provides:

> A judicially noticed fact must be one not subject to reasonable dispute in
> that it is either (1) generally known within the territorial jurisdiction of the
> trial court or (2) capable of accurate and ready determination by resort to

Backstrom's order denying Gulley's PCR motion, and that Judge Backstrom, in considering Gulley's PCR motion, diligently performed his responsibilities placed upon him by statute and case law.

¶9.     Even considering arguendo that the trial court inappropriately sentenced Gulley under both the felony and misdemeanor provisions of the embezzlement statute, Gulley still is entitled to no relief. In *Bass v. State*, 328 So. 2d 665 (Miss. 1976), Bass was convicted of embezzlement, and he was sentenced to serve a term of five years in the state penitentiary. The trial court suspended Bass's sentence and placed him on supervised probation for a term of five years. *Id.* at 665. As a condition of the suspension, the trial court ordered Bass to pay a fine in the amount of $1,000. *Id.* This Court found that the trial court "exceeded its statutory authority when it attempted to add a $1,000 fine to the sentence." *Id.* at 667. This Court determined that there were two alternative sentencing methods under Miss. Code Ann. § 97-23-25 (Rev. 2000), which states:

> If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.

*Id.* Because the trial court elected to sentence Bass to a term of imprisonment, "the trial court, under the guise of a condition of the suspension, could not impose the additional sentence of paying a $1,000 fine." *Id.* Therefore, this Court affirmed the conviction and the suspended sentence of five years' imprisonment but this Court reversed the $1,000 fine. *Id.*

---

sources whose accuracy cannot reasonably be questioned.

¶10.    In *Salter v. State*, 387 So. 2d 81 (Miss. 1980), Salter was indicted on ten counts of embezzlement. He pled guilty to two of the pending indictments and received a three-year suspended sentence and was ordered to pay a fine of $10,000. *Id.* at 82. This Court found that this sentence was in error pursuant to Miss. Code Ann. § 97-11-31 which stated:

> If any officer, or other person employed in any public office, shall commit any fraud or embezzlement therein, he shall be imprisoned in the penitentiary not more than ten years, or in the county jail not more than one year, or be fined.

*Id.* at 84. The two methods of sentencing available under this section are alternative methods; therefore, "Salter could be fined in one case and given a penitentiary sentence in the other, but not fined and sentenced in both." *Id.* This Court held that Salter's sentence would be modified such that he would be sentenced to a three-year suspended sentence for the first count and a $10,000 fine for the second count, so that the plea agreement would be left in full effect. *Id.*

¶11.    However, *Bass* and *Salter* were decided before Miss. Code Ann. § 99-19-32 (Rev. 2000)[4] was enacted. Miss. Code Ann. § 99-19-32, states in pertinent part that:

> (1) Offenses punishable by imprisonment in the State Penitentiary for more than one (1) year and for which no fine is provided elsewhere by statute may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00). Such fine, if imposed, *may be in addition to imprisonment or any other punishment or penalty authorized by law*.

(emphasis added). This statute unequivocally empowers our trial judges with the authority to impose fines when no fine is provided elsewhere in the statute. Section 99-19-32, which is a "catch-all" for statutes which do not provide for a fine in addition to a sentence of imprisonment, first became effective July 1,

---

[4]Laws, 1985, ch. 495, § 1; Laws, 1990, ch. 329, § 14, eff. from and after October 1, 1990.

8

1985, and was later amended in 1990. Had the trial judges in *Bass* and *Salter* had the benefit of Miss. Code Ann. § 99-19-32, the sentences imposed in those cases would have been within their statutory authority.

¶12.    In the recent case of ***Conley v. State***, 790 So.2d 773 (Miss. 2001), Conley was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. Conley was also ordered to pay a $10,000 fine. *Id.* at 805. The statute which provides for the sentencing of a person convicted of capital murder does not contain a provision for a fine. *See* Miss. Code Ann. § 97-3-21 (Rev. 2000). This Court held that pursuant to Miss. Code Ann. § 99-19-32:

> The trial judge has acted within these statutory guidelines with his imposition of the penalties in this case. It is within the trial judge's discretion to impose these fines. Absent a showing that this discretion was abused, the fines must be upheld by this Court. *See* ***Wallace v. State***, 607 So.2d 1184, 1187 (Miss. 1992). Conley has not shown that the judge abused his discretion.

*Conley*, 790 So.2d at 805.

¶13.    Gulley relies on our decision in ***Lightsey v. State***, 493 So. 2d 375 (Miss. 1986), in an effort to convince us that since he has paid his fine imposed under the misdemeanor portion of the embezzlement statute, he should be released from the penitentiary sentence imposed upon him under the felony portion of the statute. In the direct appeal of Lightsey's burglary conviction, this Court offered certain background information on Lightsey. We stated that Lightsey had pled guilty to embezzlement and was given a suspended sentence of six years and was ordered to pay a fine of $2,000. *Id.* at 376. Lightsey paid his fine; however, he was subsequently arrested for burglary which was in violation of his probation. *Id.* After being incarcerated in the state penitentiary and denied a writ of habeas corpus, Lightsey appealed to this

9

Court. *Id.* at 376-77. This Court held in an unpublished opinion that "the trial court was without statutory authority to sentence Lightsey to the penitentiary and to impose upon him a fine, since Miss. Code Ann. § 97-23-19 (1972) is written in the disjunctive." *Id.* at 377. This Court determined that because Lightsey had already paid his fine, he should be released from prison after serving ten months. *Id.* In our published opinion, this Court reversed Lightsey's conviction for burglary, finding the trial court erred in instructing the jury pertaining to flight. *Id.* at 380.

¶14. However, we again note that § 99-19-32 did not take effect until July 1, 1985. As in *Bass* and *Salter*, Lightsey's conviction of embezzlement occurred before this statute was enacted. Therefore, the trial court did not have the statutory authority to impose both a prison sentence and a fine upon Lightsey. Unlike *Bass* and *Salter*, this Court in *Lightsey* chose to uphold the fine and reverse the imprisonment sentence.

¶15. The dissent relies heavily upon the cases of *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) and *United States v. Holmes*, 833 F.2d 481 (5th Cir. 1987), for the rule that if a statute is written in the disjunctive, only a fine or imprisonment may be imposed. However, as previously stated, the authority here to impose both a prison sentence and a statutory fine was granted by two separate and distinct statutes, not one statute written in the disjunctive. Therefore, these two cases do not apply to the case sub judice.

¶16. Finally, we take note that Judge Backstrom afforded Gulley partial relief under his PCR motion by removing the imposition of the fine from Gulley's sentence and ordering the previously paid fine returned to Gulley – an offer which Gulley refused. However, this action by Judge Backstrom in no way affords

Gulley any relief from his penitentiary sentence. In his order dismissing Gulley's PCR proceedings, Judge Backstrom made an unequivocal finding that he had authority under Miss. Code Ann. § 99-19-32 to impose a fine upon Gulley, but further stated that "[n]evertheless, the Court will proceed *arguendo* with the proposition that the fine in these cases was excessive and not a sentencing alternative." Judge Backstrom then stated that "[a]n excessive sentence can be corrected, and the entire sentence does not have to be discharged." In so holding, Judge Backstrom relied on the decision of the United States Supreme Court in ***Bozza v. United States***, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). In that case, Bozza was convicted of five counts of violating the Internal Revenue laws in connection with the operation of a still producing moonshine whiskey. At the sentencing hearing, the federal district court judge sentenced Bozza to a term of imprisonment but failed to impose certain statutorily mandated fines and penalties. After the initial sentencing, Bozza was detained at the U. S. Marshal's office and then at a local jail for a total of approximately five hours, when he was brought back before the sentencing judge, who by then had realized that he had failed to impose the statutorily required assessments. Bozza claimed double jeopardy, asserting that he had been sentenced twice for the same offense. In finding no merit to Bozza's assertions, the Court stated:

> If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all (citations omitted). This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' (citations omitted). The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. (citations omitted). . . The sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

330 U.S. at 166-67, 67 S.Ct. at 649.

11

¶17. Even if Judge Backstrom had erred (which he did not) in imposing a fine when he sentenced Gulley to penitentiary sentences for embezzlement, Judge Backstrom was within his authority to remove the fine via the PCR proceedings. However, for the reasons stated, this "illegal" fine would not vitiate the "legal" portion of the sentence – the penitentiary sentence. However, all of this having been said, Judge Backstrom clearly had statutory authority via § 99-19-32 to impose a fine when he imposed penitentiary sentences under the felony portion of the applicable embezzlement statute which provided no fine when imposing the felony sentence. The then existing statute under which Gulley was sentenced provided for a fine only when being sentenced as a misdemeanant.

¶18. In the end, it is clear that the trial judge sentenced Gulley under the felony portion of § 97-23-19. The fine was a condition of his post-release supervision. Pursuant to Miss. Code Ann. § 99-19-32, the trial judge was within his statutory authority to impose such a fine, as one was not provided in the felony portion of § 97-23-19. Therefore, the circuit court did not err in dismissing Gulley's motion for post-conviction relief.

CONCLUSION

¶19. Because the trial judge did not abuse his discretion in sentencing Gulley under the felony portion of § 97-23-19 and in imposing a fine pursuant to § 99-19-32, we affirm the trial court's dismissal of Gulley's post-conviction proceedings.

¶20. **AFFIRMED.**

**PITTMAN, C.J., SMITH AND WALLER, P.JJ., COBB AND EASLEY, JJ., CONCUR. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ AND DICKINSON, JJ., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

12

¶21.    Gulley was sentenced to serve two separate and distinct penalties for the same offenses.   He has completed one sentence by paying the full amount of the imposed fine.  Because of the double jeopardy clause of the U.S. Constitution, the second sentence is unenforceable.  Therefore, Gulley should be released from custody. Accordingly, I respectfully dissent.

¶22.    Gulley is entitled to post-conviction relief because he has completed the misdemeanor portion of his sentence by paying the $7,000 fine imposed on him by the court. Gulley was sentenced under Miss. Code Ann. § 97-23-19 (Rev. 2000), which  read as follows:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money or other valuable security, effects, or property of any kind or description which shall have come or been entrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, **shall be imprisoned in the penitentiary not more than ten years, _or_ fined not more than one thousand dollars and imprisoned in the county jail not more than one year, _or either_.**

Miss. Code Ann. § 97-23-19 (Rev. 2000) (emphasis added).[5]

¶23.    Gulley was sentenced under the felony portion of the statute by being ordered to serve more than one year in the penitentiary on each of the seven counts and under the misdemeanor portion of the statute by being ordered to pay a fine of $1,000.00 on each of the same seven counts.  He has been sentenced twice for the same crimes. However, as the sentencing statute is written in the disjunctive, he may lawfully be sentenced under the felony portion of the statute or the misdemeanor portion of the statute, but not both.

---

[5]This statute was amended on March 31, 2003. See 2003 Miss. Laws ch. 499 (H.B. 1101).

¶24. The subject statute is clearly in the disjunctive. This Court has consistently found that the statute has alternate methods of sentencing. *In re Branan*, 419 So.2d 146, 146 (Miss. 1982). "The use of the disjunctive 'or' denotes a choice between alternatives." "[W]here permissible sentences are separated by the disjunctive, only one may be lawfully imposed."(emphasis added). *See also Salter v. State*, 387 So.2d 81, 84 (Miss. 1980); *Bass v. State*, 328 So.2d 665, 667 (Miss. 1976).

¶25. In *Lightsey v. State*, 493 So.2d 375, 376-77 (Miss. 1986), a case very similar to the case at bar, Lightsey pled guilty to embezzlement and was given a suspended sentence of six years in the penitentiary and fined $2,000.00. Lightsey paid the fines levied against him and was subsequently arrested for burglary. A petition charging Lightsey with violating the terms of his parole on the embezzlement charge was filed, and Lightsey was incarcerated in the state penitentiary upon revocation of parole. Lightsey challenged this revocation of parole by habeas corpus.

¶26. On appeal from the denial of habeas corpus, this Court, in an unpublished opinion, held that "the trial court was without statutory authority to sentence Lightsey to the penitentiary and to impose upon him a fine, since Miss. Code Ann. §97-23-19 (1972) is written in the disjunctive." *Lightsey*, 493 So.2d at 377. Because Lightsey had already paid his fine, he was released from prison after serving ten months. *Id.*

¶27. This Court went so far as to state that "Lightsey was unlawfully imprisoned for embezzlement, and he used habeas corpus proceedings to gain his liberty." *Id.* at 378.

## A. Sentencing statute only allows for two alternatives

¶28. The majority concludes that Gulley has not fully completed either of the *two* alternatives of the sentencing statute. It relies on the "or either" language found at the end of §97-23-19. The majority

interprets this language as the statute offering only *two* sentencing alternatives. The portion of the statute relevant to this finding is as follows: "*upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, __or__ fined not more than one thousand dollars and imprisoned in the county jail not more than one year, __or either__.*" The majority finds that the subject statute allows for only two sentencing options: (1) ten years imprisonment; or (2) a year in the county jail and a fine of one thousand dollars.

¶29.    The sentencing statute contains not two, but four sentencing alternatives: (1) ten years' imprisonment; (2) a fine of not more than one thousand dollars and imprisonment in the county jail not more than one year; (3) imprisonment in the county jail not more than one year; and (4) a fine of not more than one thousand dollars. The majority's interpretation of the statute is inaccurate because it disregards the "or either" at the end of the statute. It is clear that the "or either" at the end of the statute is merely a grammatical shortcut to reference the additional sentences of only county jail imprisonment and only a fine.

**B. Return of the fine**

¶30.    The majority finds that the return of the fine cured any defect in the sentence. This finding is misplaced. The issues of a sentencing statute being in the disjunctive and of an attempt to return a fine by the clerk of the court have been reviewed and rendered by the United States Supreme Court, *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), and more throughly addressed by the Fifth Circuit, *United States v. Holmes*, 822 F.2d 481 (5th Cir. 1987). Those decisions reached results consistent with this Court's decision in *Lightsey*.

¶31.    Writing for the Court in *Bradley*, Justice Roberts stated:

15

The court sentenced the petitioner to six months' imprisonment, to pay a fine of $500, and to stand committed until he complied with the sentence. The sentence was erroneous; *Ex parte Lange*, 18 Wall. 163, 176. Under 268 of the Judicial Code, 28 U.S.C. 385, 28 U.S.C.A. 385, the sentence could only be a fine or imprisonment. *Ex parte Robinson*, 19 Wall. 505, 512, 22 L.Ed. 205; *Clark v. United States*, 8 Cir., 61 F.2d 695, 709, affirmed 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993.

. . .On September 28, 1942, the petitioner was taken into custody and committed to prison. On October 1 his attorney paid the fine in cash to the clerk of the court. Later on that day the court, realizing that the sentence was erroneous, delivered to the clerk an order amending it by omitting any fine and retaining only the six months' imprisonment. The court instructed the clerk, who still held the money, to return it to the petitioner's attorney. The latter refused to receive it, and the clerk has it.

....

. . . [W]e are of opinion that the errors involved in the sentence require that he shall be freed from further imprisonment.

When, on October 1, the fine was paid to the clerk and receipted for by him, the petitioner had complied with a portion of the sentence which could lawfully have been imposed. As the judgement of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end. It is unimportant that the fine had not been covered into the treasury; it had been paid to the clerk, the officer of the United States authorized to receive it, and petitioner's rights did not depend upon what the officer subsequently did with the money.

It follows that the subsequent amendment of the sentence could not avoid the satisfaction of the judgement, and the attempt to accomplish that end was a nullity. Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint.

*Bradley*, 318 U.S. at 51-52 (emphasis added).

¶32.    The Fifth Circuit reviewed the same issue in *United States v. Holmes*, 822 F.2d 481, 484-86 (5th Cir. 1987), and reached a decision that is consistent with this Court's decision in *Lightsey*. Holmes was charged with multiple offenses. He pled guilty under a federal statute involving contempt. The court sentenced him to pay a $10,000.00 fine and to a one year prison term. However, before his confinement was to begin, Holmes paid the fine and filed a motion to vacate that part of the sentence ordering his imprisonment.

16

¶33.    The Fifth Circuit found that the language of the contempt statute included disjunctive language as to sentencing, and that only a fine or imprisonment may be imposed. "[T]he imposition of both is forbidden as to any one offense." *Id*. *See also* ***United States v. Hilburn***, 625 F.2d 1177, 1181 (5th Cir. 1980); ***United States v. DiGirlomo***, 548 F.2d 252, 254 (8th Cir. 1977); ***United States ex rel. Kanawha Coal Operators Ass'n v. Miller***, 540 F.2d 1213, 1214 (4th Cir. 1976); ***United States v. Sampogne***, 533 F.2d 766, 767 (2d Cir. 1976), "[T]he Supreme Court [in] ... ***In Re Bradley*** [citation omitted] squarely noted that the statutory language was in the disjunctive, that only one of two punishments was permissible and since the fine there, as here, has been paid, the petitioner had to be discharged from custody." This holding has been followed in ***United States v. De Simone***, 267 F.2d 741 (2d Cir.) *vacated as moot*, 361 U.S. 125, 80 S.Ct.74, 4 L.Ed.2d 70 (1959). *Accord*, ***Intern'l Bhd. of Teamsters v. United States***, 275 F.2d 610 (4th Cir. 1960).

¶34.    In its order, the Jackson County Circuit Court attempted to effect a resentencing of Gulley by labeling its actions a "correcting of the sentence" and relying on ***Bozza v. United States***, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). The circuit court found that "[a]n excessive sentence can be corrected, and the entire sentence does not have to be discharged." However, the case at bar is not one of an "excessive sentence," under ***Bozza,*** but "two punishments," as in ***Bradley***.

¶35.    In ***Bozza*** the trial judge, during his morning session, sentenced the petitioner to imprisonment only. Later in the day, it was pointed out to the judge that the statute under which the petitioner was sentenced required a **mandatory** sentence of fine of $100 **and** imprisonment. *Id*. at 165. The judge then called the

17

petitioner back into the courtroom during the afternoon session and imposed upon him the additional $100 fine, as required by the statute.

¶36. Here, the sentencing statute under which Gulley was sentenced required imprisonment in the penitentiary **or** a fine of not more than $1,000 and imprisonment in the county jail for not more than one year, **or either**. Miss. Code Ann. § 97-23-19. In *Bozza*, the trial judge simply imposed the *required* sentence at two different times of the day. In the case at bar, the trial judge's imposition of two separate and distinct sentences for the same crimes constituted double jeopardy.

¶37. The Fifth Circuit found that *Bozza* "does not purport to depart from *Lange* or *Bradley*" and referred to *Bozza's* finding that *Lange* and *Bradley* are "examples of cases in which the trial court could not correct the sentence without causing him to suffer double punishment." *Holmes*, 822 F.2d at 498, citing *Bozza*, 67 S.Ct. at 649 n.2. The court in *Holmes* recognized that "the full payment of a fine satisfies one lawful alternative sentence" and "the return of the fine would be wholly ineffective to change the fact that the contemnor has already fully satisfied the *fine portion* of his sentence." *Holmes*, 822 F.2d at 498-500 (emphasis in original).

¶38. Here, as was the case in *Holmes*, the majority finds that the circuit court should be allowed to return the fine to Gulley and impose only the prison sentence. However, the Fifth Circuit, when addressing this argument by the government in *Holmes*, stated: "As an original proposition, the government's position might be arguable, but we find once again that *Bradley* has addressed the situation and compels us to reject this argument. . . . [T]he district court in *Bradley* did offer to return the fine to the contemnor, and

18

the Supreme Court nonetheless held that Bradley's entire prison sentence must be set aside and, impliedly, that he was not obligated to accept the money." *Id.* at 499-500.

¶39.    In *Holmes*, the government was unable to provide any citation of "authority for the proposition that the courts can compel a contemnor to take back a fine and to accept, instead, a term in prison." *Id.* at 500. In the case at bar, the circuit court also failed to cite authority in support of its order to the circuit clerk to return the fine payment to Gulley. The Fifth Circuit held in *Holmes* that "*Bradley* alone, even without those additional problems, requires us to hold that attempts to return the fine paid by the appellant will not justify the execution of appellant's prison sentence." *Id.*

### C. General fine statute

¶40.    The majority relies on the State's argument that "there is a general fine statute that would apply when there is no statutory provision for fine under Miss. Code Ann. § 99-19-32, and this *may have been* the judge's initial thinking on the imposition of the fine in addition to the serving of time in the penitentiary." (emphasis added). The trial judge stated, in the Order Dismissing Post-Conviction Proceedings, "[s]ection 99-19-32 of the Mississippi Code ... allows a fine in felony cases of $10,000 per case where no fine is allowed by the felony sentencing statute. Nevertheless, the Court will proceed *arguendo* with the proposition that the fine in [this case] was excessive and *not a sentencing alternative*." (emphasis added).

¶41.    There was absolutely no mention of § 99-19-32 during the sentencing phase of this case. In fact, said section was not mentioned until the sentencing error was pointed out to the lower court. The first, and only, mention of this section by the lower court may be found in the Order Dismissing Post-Conviction

Proceedings. It is clear that the trial judge did not sentence Gulley under § 99-19-32, but under § 97-23-19. The trial judge stated that Gulley was convicted of "very serious charges" and that the court thought "the punishment should fit the crime." If the trial judge had intended Gulley to be sentenced under § 99-19-32, it is clear that he would have sentenced him to pay $70,000 ($10,000 per count) the maximum allowed by § 99-19-32. However, Gulley was not sentenced to pay $70,000, he was sentenced to pay $7,000 ($1,000 per count). If the trial judge had intended to sentence Gulley sentenced under § 99-19-32, he would certainly have sentenced him to the maximum allowed under said statute. Instead, he clearly sentenced Gulley under the misdemeanor portion of § 97-23-19, ordering him to pay $1,000 per count, for a total of $7,000.

¶42. Moreover, § 99-19-32 states that "[o]ffenses punishable by imprisonment in the State Penitentiary for more than one (1) year and for which **no fine is provided elsewhere by statute** may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00)." Miss. Code Ann. § 99-19-32 (emphasis added). In the case at bar, Gulley was sentenced under § 97-23-19 which **does provide a fine** as an alternative sentence, making § 99-19-32 inapplicable here.

### D. Fine is "excess"

¶43. The majority further relies on the State's next argument that the fine is "excess" to the sentencing. This reliance is improper because the majority fails to recognize state, federal district court and United States Supreme Court authority that the felony sentence and misdemeanor sentence are alternate sentencing due to the disjunctive nature of the sentencing statute.

¶44. Significantly, the argument that the fine is in "excess" of and "ancillary to imprisonment" and could be deleted by modified sentence of the trial judge after the fine was paid, disregards the disjunctive nature

20

of the four sentences allowed by said statute. One sentence (the fine) was completed by Gulley. Therefore, Gulley can not be subjected to a double sentence for the same offense.

¶45.    The majority relies on *Salter v. State*, 387 So.2d 81 (Miss. 1980), which held that removing the fine and ordering its return removes the "excessiveness" of the sentence. This reliance is also misplaced. In *Salter*, the petitioner was sentenced to a term in prison and a fine for embezzlement. This Court held that the petitioner could only be sentenced to a prison term or a fine and thus removed the fine portion of the sentence. However, the majority here fails to recognize what differentiates *Salter* from the case at bar, the modification of Salter's alternate sentencing occurred **before** either was completed. Therefore, Salter could not be subject to double jeopardy.

¶46.    The majority next relies on *Bass v. State*, 328 So.2d 665 (Miss. 1976). In *Bass*, the defendant was convicted of embezzlement and sentenced to both a fine and imprisonment with time suspended. In *Bass* this Court viewed the imposition of the fine as a term of post-release supervision and finding that it was excessive, removed that portion of the sentence. Again, the majority fails to acknowledge the most obvious difference between *Bass* and the case at bar, in *Bass* the sentence was reformed **before** either was completed. Therefore, Bass, unlike Gulley, could not be subject to double jeopardy.

¶47.    The majority further relies on *Bass* in the decision, stating that this Court affirmed the conviction [of Bass] and the sentence of five years imprisonment which was suspended, but this Court reversed the $1,000 fine. While it is true that this Court affirmed the prison sentence and reversed the fine portion of Bass's sentence as "excess," this argument must fail because of one distinct difference between Bass and Gulley-Bass never paid the fine portion of his sentence. Thus, he never *completed* any portion of his

21

sentence and therefore could not be subject to double jeopardy. Gulley, on the other hand, did complete one lawful portion of his sentence. To enforce the prison term of his sentence violates his constitutional right against double jeopardy.

### E. Jurisdiction

¶48. The majority further relies on the State's jurisdictional assertion that Gulley has presented no claim which is "procedurally alive showing denial of a state or federal right." The majority finds that Gulley has not shown that he is due relief under the specific provisions of § 99-39-5 because he has not demonstrated that his sentence was illegal or in violation of the Constitutions of the United States or the State of Mississippi.

¶49. In *Gulley v. State* No. 2001-M-00256-SCT (Miss. March 18, 2002), this Court, upon the standards set by statute, reviewed Gulley's application to file his sworn Motion for Post-Conviction Relief in the Jackson County Circuit Court. The standard of review is two-fold:

(1) based upon "the face of the application, motion, exhibits and the prior record . . . the claims presented by such are not procedurally barred under §99-39-21 and

(2) [the claims] further present a substantial showing of the denial of a state or federal right . . . ." Miss. Code Ann. §99-39-27 (4)(5). *Jordan v. State*, 577 So.2d 368, 369 (Miss. 1990).

¶50. By granting the application, this Court reviewed the record to determine whether the claims raised had been waived by failing to raise them at trial or on direct appeal. Necessarily, if this Court had found that the claims had been waived then it would not have allowed Gulley to bring the instant proceedings. Miss. Code Ann. § 99-39-21(1). Compare *Jordan*, where this Court denied the application because the above standards were not met. Thus, the findings of this Court that Gulley had not waived these claims and

22

that they are not procedurally barred serve as res judicata on those issues. This issue is procedurally barred and without merit.

¶51.    The argument that Gulley has not demonstrated that his sentence was illegal or in violation of the Constitutions of the United States or the State of Mississippi is likewise without merit. This argument is based upon the failure to interpret the plain meaning that "or either" is a reference to either county jail imprisonment or a $1,000 fine. By receiving both sentences, Gulley has necessarily been given two separate and distinct sentences for the same crimes in violation of his right against double jeopardy.

¶52.    The Fifth Circuit spoke frankly in *Holmes* stating that:

> [I]n many respects this case represents a miscarriage of justice. Undoubtably Holmes deserves to serve some confinement, as the district court plainly intended. . . . [A] mistake was made by the district judge and the government which is now beyond recall. We imply no criticism of either; when the governing rules are somewhat unusual and technical, their application will inevitably involve some mistakes. That is part of the price. We should not pretend otherwise. . . . In cases of this sort, where the legal issues are arguable and the equities heavily on one side, the temptation is strong to bend the law itself. Such judicial bending of fixed legal rules, however, tends ultimately to be destructive of the rule of law. Of course, the judicial function requires us not only to conscientiously, even-handedly, and fairly interpret the law, but also similarly apply it to the facts of each case. The latter duty, however, does not permit us to disregard the law in order to achieve a desired result in a particular instance.

*Holmes*, 822 F.2d at 500.

¶53.    A similar mistake was made in the sentencing of Gulley who had two separate sentences for the same offense. He completed one. The other is not enforceable under double jeopardy constitutional protections. Though the circuit court may have intended harsher punishment and though Gulley surely deserves harsher punishment, he completed one punishment, though of a lesser degree, and is entitled to

23

be released on the conviction of these seven counts. This case should be reversed and remanded with

instructions that the petitioner be released from custody. Accordingly, I dissent.